UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>**SHEPHERDS HILL DEVELOPMENT CO. LLC,**<br><br>Debtor. | Chapter 11<br>Case No. 99-11087 |

## MOTION TO REOPEN

Shepherds Hill Homeowners Association, Inc. (the "Association") an interested party in the chapter 11 case of Shepherds Hill Development Co., LLC (the "Debtor"), hereby moves this Court for the entry of an order reopening this case pursuant to 11 U.S.C. § 350(b), Fed. R. Bankr. P. 5010 and LBR 5010-1, for the limited purpose of determining the relative rights of the parties in connection with those certain development rights for the property known as Shepherds Hill Condominium, 22 Kimball Hill Road, Hudson NH (the "Property").

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for relief are Sections 105 and 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010 and LBR 5010-1.

## BACKGROUND

3. On April 2, 1999 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Hampshire (the "Court").

4. In or about February 22, 2000, Edmond J. Ford was appointed as Trustee ("Trustee") of the Debtor by the United States Trustee, First Circuit. The Trustee retained counsel to assist with the administration of the case.

5. On or about March 29, 2000, the Trustee filed a plan of reorganization (the "Trustee Plan") and disclosure statement ("Disclosure Statement"). The Trustee Plan and Disclosure Statement were amended several times.

6. On or about May 2, 2000, a competing plan (the "Plan") was filed by creditors Ralph Caruso, Caesar Balzotti and Ernest Thibeault. This plan was subsequently amended.

7. After several amendments and objections, the Plan was confirmed by order of the Court on July 21, 2000.

8. The Plan contemplated that the Reorganized Debtor, in connection with the Plan Proponents[1], were to develop the Property by building additional condominium units and selling those units. The Plan provided that distributions to creditors asserting claims against the Debtor's estate would be funded through the sale of such units.

9. After confirmation of the Plan, the Property was transferred to the Association pursuant to a Declaration of Condominium and did so on February 18, 2003. That Declaration of Condominium was recorded with the Registry of Deeds on February 25, 2003.

10. The Debtor/Reorganized Debtor retained among other things, the "Development Rights" to develop an additional 400 condominium units utilizing "convertible land" conveyed to the Association.

11. Between February 2003 and July 2009, 274 units of the potential 400 units had been built. Upon information and belief, no additional units were built after that date.

12. In August 2010, Balzotti, through his wife, brought involuntary bankruptcy proceedings against the Development Company, the Proponents, and Thibeault (the bankruptcy defendants). In September 2010, the Court dismissed the proceedings without prejudice on the ground that, as filed, they did not comply with the bankruptcy code. The Court found that the proceedings had

---

[1] The Shepherds Hill Proponents, LLC entity was created in connection with the Plan and the members were Caesar Balzotti, Sr., Ralph Caruso, and Ernest J. Thibeault, III.

2

been brought in bad faith and ordered Balzotti to pay attorney's fees and punitive damages.

13. Pursuant to RSA 356-B:23, on February 25, 2013, the Debtor/Reorganized Debtor lost the right to further develop the Property and the remaining convertible land became property of the Association after that date.

14. The State of New Hampshire, Superior Court (Rockingham County) (the "Superior Court") issued an opinion on October 31, 2018 finding and affirming, among other things, that the development rights once held by the Debtor were lost by operation of statute. A copy of that opinion is attached hereto as Exhibit A.

15. In light of the opinion handed down by the Superior Court, the Association seeks to sell the development rights to the Property.

16. Nevertheless, Balzotti, continues to assert that the provisions set forth in the Plan require the Association or any future developer to comply with the terms of the Plan concerning the Debtor/Reorganized Debtor's obligation.

## **RELIEF REQUESTED**

17. The Association hereby requests that this Court reopen this bankruptcy proceeding for the limited purpose of determining whether the Plan, which has been recorded in the chain of title to this Property, remains in effect with respect to the development rights and sale of future units.

18. The requested relief is necessary to allow the Association to move forward with the sale of the development rights and to clear the cloud on the title to the Property created by the recording of the Plan.

## **NOTICE**

19. Notice of this Motion will be provided by ECF to: (i) the Office of the United States Trustee; (ii) the Trustee, (iii) the Debtor; and (iv) all parties who have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Association requests that the Court enter an order reopening these proceeding for the limited purpose of determining whether the Plan remains in effect,

                                          Respectfully submitted,

                                          SHEPHERDS HILL HOMEOWNERS
                                          ASSOCIATION, INC.
                                          By its attorneys

DATED: January 20, 2021                  */s/ Jesse I. Redlener*
                                          Jesse I. Redlener (NH Bar # 19658)
                                          ASCENDANT LAW GROUP LLC
                                          204 Andover Street, Suite 401
                                          Andover, MA  01810
                                          (978) 409-2038
                                          jr@ascendantlawgroup.com

**CERTIFICATE OF SERVICE**

I, Jesse I. Redlener, hereby certify that, on January 20, 2021, I filed the *Motion to Reopen* via the Court's CM/ECF electronic filing system ("CM/ECF"), which sent notice to all parties receiving notification through CM/ECF.

Dated:  January 20, 2021          */s/ Jesse I. Redlener*
                                  Jesse I. Redlener