# NEGATIVE PLEDGE AGREEMENT

## PARTIES AND REFERENCE DATA

PLEDGOR:  Shepherds Hill Development Co., LLC,
Reorganized Debtor,
a New Hampshire limited liability company
c/o Platinum Construction
5 Halberg Park
North Reading MA  01864

PLEDGEE:  Edmond J. Ford, Esq.
Agent for the Class 4 Creditors
FORD & WEAVER, P.A.
Noble's Island
500 Market Street, Suite 1E
Portsmouth NH  03801

## GENERAL DEFINITIONS AND REFERENCE DATA:

1.  Unless defined herein, all words, terms and phrases which appear herein in all capital letters, initial capital letters or quotation marks shall have the same meaning as is attributed to such word, term or phrase in (i) the Plan of Reorganization confirmed by the United States United States Bankruptcy Court for the District of New Hampshire in *In re Shepherds Hill Development Co., LLC*, BK-99-11087-JMD (the "Confirmed Plan", "Bankruptcy Court" and the "Case") which is also referred to in this document as the "Reference Document", (ii) or if not defined in the Reference Document, the Bankruptcy Code of 1978, as amended, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") or the New Hampshire Uniform Commercial Code, RSA 382-A, as amended ("UCC"), RSA 479, as amended or RSA 21 as may be appropriate given the term and its use.  Irrespective of where or how any word, term or phrase is defined, it shall be deemed to incorporate by reference all of the data and information pertaining to, or given as part of such definition.

2.  "Encumbrance" means and includes any and all mortgages, liens, attachments and other encumbrances of any nature whatsoever.

3.  "Legal Requirements" means and includes any and all federal and state statutes, local laws and ordinances and administrative regulations promulgated under any thereof which govern the construction or use of the Development Property or the Improvements.

4.  "Partial Release Payment" means the sum of the $20,000 for each lot, approved building site or footprint sold or subjected to a new, first mortgage pursuant to the Confirmed Plan.

5.  "Plan Obligation(s)" means and includes any and all financial liabilities and other obligations of Pledgor to Pledgee of every kind, nature and description, direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising hereafter under the Confirmed Plan.

BK 6294 PG 1920

6. "Subject Property" means and includes the Pledgor's real estate located on Kimball Hill Road in Hudson, New Hampshire and is more particularly described in the Mortgage Deed granted to Leonard Vigeant by Pledgor which is recorded with the Registry of Deeds for Hillsborough County, New Hampshire in Book 5860, at Page 1801.

## AGREEMENT

**FOR GOOD AND VALUABLE CONSIDERATION,** the receipt, adequacy and reasonable equivalence of which of which Guarantor hereby acknowledges, Pledgor, intending to be equitably and legally bound hereby, agrees, covenants and undertakes as follows:

1. **Pledgor's Acknowledgments and Warranties.** As a material inducement to the execution of this Agreement, Pledgor represents to Pledgee as follows:

    A. Pledgor has full power and lawful authority to enter into this Agreement which is, and will continue to be fully enforceable in accordance with its terms, conditions and covenants subject only to such limitations and restrictions as are or may be imposed by law on Creditors generally or the unavailability of discretionary, equitable relief.

    B. Pledgor is the sole and exclusive owner of all of the Subject Property subject to the Plan Obligations and:

    (1) Any title defects and deficiencies disclosed in Exhibit A entitled "Special Exceptions" (the "Special Exceptions"), Legal Requirements and such other Permitted Encumbrances as may exist from time to time including, without limitation, liens for the payment of real estate taxes, assessments, special assessments and other charges.

2. **Pledgee Rights.** In addition to any other privileges, remedies and rights which the Pledgee has hereunder:

    A. The Pledgor shall give the Pledgee at least 5 days prior written notice of any proposed Transaction.

    B. Within 5 business days of the closing of any Transaction, the

BK6294PG1921

Pledgor shall give the Pledgee an accounting for such Transaction, including the disbursement of any proceeds.

3.  **Permitted Transactions.**  In furtherance of the Confirmed Plan, Pledgor may:

    A.  Grant Thibeault Corporation of New England (the "Infrastructure Contractor") the Statutory Power of Sale Mortgage required by the Plan;

    B.  Consummate any other Plan Transactions in accordance with the terms of the Confirmed Plan;

    C.  Mortgage or grant, sell, bargain, convey, transfer or otherwise alienate all, or any part of the Subject Property as long as Pledgor pays, or makes reasonable provision for the payment of the Dividends becoming due under the terms of the Plan from the Distributable Proceeds of the transaction;

    D.  Enter into other transactions affecting the Subject Property in the ordinary course of business with unrelated third parties on business and economic terms and conditions which reflect the exercise of reasonable business judgment in the then existing marketplace and are reasonably believed to be consistent with the implementation of the Confirmed Plan.

4.  **Negative Pledge.**  Except for the Permitted Transactions, Pledgor will not voluntarily mortgage, grant, sell, bargain, convey, transfer, lease or otherwise alienate all, or any part of the Subject Property without the prior written consent of the Pledgee which will not be unreasonably withheld.

5.  **Supplemental Negative Pledge of Membership Interests**.  Shepherds Hill Proponents, LLC agrees that it will not transfer its Membership Interests in the Pledgor without the prior written consent of the Pledgee which will not be unreasonably withheld.  Further, the Members of Shepherds Hill Proponents, LLC agree that they will not transfer their Memberships Interests in such entity with the prior written consent of

BK 6294 PG 1922

the Pledgee which will not be unreasonably withheld.

6. **Books and Records; Accounting.** The provisions of the Proponent's Plan regarding and requiring the keeping of books and records, accounting and providing the Trustee with access to such books and records and accountings are incorporated herein by reference as fully as if complete set forth.

7. **Recording of Agreement.** Pledgor authorizes Pledgee to record this Agreement with the Registry of Deeds and with such other public offices as Pledgor deems necessary or desirable to evidence its rights and the obligations of Pledgor hereunder at any time after the occurrence of any default and shall reimburse Pledgee for Pledgee's recording fees on presentation of an invoice or statement for them.

8. **Remedies.**

    A. Pledgor acknowledges that Pledgee will be immediately and irreparable damaged by any breach of, or default under this Agreement and without an adequate remedy at law. In the event of any threatened or actual breach by Pledgor hereunder, Pledgor agrees that Pledgee shall be entitled to immediate equitable relief from any court of competent jurisdiction including, without limitation, the issuance of a mandatory or restorative injunction and to recover reasonable attorneys' fees and related costs and expenses incurred in enforcing this Agreement if he prevails.

    B. In addition to equitable relief, the Pledgee shall be entitled to recover compensatory damages in the event of any proven breach of, or default under the terms and conditions of this Agreement.

9. **Term.** This Agreement shall become effective on the date hereof and shall remain in full force and effect until such time as all of Pledgor's Plan Obligations to Pledgee have been paid and performed in full.

10. **Benefit.** This Agreement shall be binding upon, and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, legal

representatives and assigns.

**IN WITNESS WHEREOF**, Pledgor and Pledgee have executed this Agreement as a sealed instrument within the State of New Hampshire on this date. Solely for the purpose of being bound by the provisions of Paragraph 5, Shepherds Hill Proponents, LLC and its Members have executed this Agreement as a sealed instrument within the State of New Hampshire on this date.

**EFFECTIVE DATE:** July 21, 2000

**WITNESS:**

**PLEDGOR:**

**SHEPHERD'S HILL DEVELOPMENT CO., LLC**

By: _____
Ralph Caruso
Its duly authorized Manager

**SHEPHERD'S HILL PROPONENTS, LLC**

By: _____
Ralph Caruso
Its duly authorized Manager

_____
Caesar Balzotti, Individually

_____
Ralph Caruso, Individually

_____
Ernest Thibeault, Individually

**PLEDGEE:**

_____
Edmond J. Ford, Esq.

BK 6294 PG 1924

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH


Before me the undersigned officer personally appeared the within named Ralph Caruso who acknowledged that he executed the within instrument this 12 day of Spt , 2000 as authorized manager of Shepherd's Hill Development Co., LLC., on behalf of said entity.

Notary Public/Justice of the Peace
My Commission Expires: 1-19-2005


STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH


Before me the undersigned officer personally appeared the within named Ralph Caruso who acknowledged that he executed the within instrument this 12 day of Spt , 2000 as authorized manager of Shepherd's Hill Proponents, LLC., on behalf of said entity.

Notary Public/Justice of the Peace
My Commission Expires: 1-19-2005


STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH


Before me the undersigned officer personally appeared the within named Ralph Caruso, who acknowledged that he executed the within instrument this 12 day of Sep , 2000.

Notary Public/Justice of the Peace
My Commission Expires: 1-19-2005

BK6294PG1925

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH


Before me the undersigned officer personally appeared the within named Caesar Balzotti, who acknowledged that he executed the within instrument this 13 day of Sept, 2000.

_____
Notary Public/Justice of the Peace
My Commission Expires: 1-19-2000


STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH


Before me the undersigned officer personally appeared the within named Ernest Thibeault, who acknowledged that he executed the within instrument this 13 day of Sept, 2000.

_____
Notary Public/Justice of the Peace
My Commission Expires: 1-19-2000

BK6294PG1926

STATE OF NEW HAMPSHIRE
COUNTY OF ROCKINGHAM

    Before me, the undersigned officer, personally appeared Edmond J. Ford, who executed the within instrument this 22nd day of September, 2000.

_____
Notary Public/Justice of the Peace
My Commission Expires: 5/2005

# NEGATIVE PLEDGE AGREEMENT

## PARTIES AND REFERENCE DATA

PLEDGOR: Shepherds Hill Development Co., LLC,
Reorganized Debtor,
a New Hampshire limited liability company
c/o Platinum Construction
5 Halberg Park
North Reading MA  01864

PLEDGEE: Edmond J. Ford, Esq.
Agent for the Class 4 Creditors
FORD & WEAVER, P.A.
Noble's Island
500 Market Street, Suite 1B
Portsmouth NH  03801

## GENERAL DEFINITIONS AND REFERENCE DATA:

1. Unless defined herein, all words, terms and phrases which appear herein in all capital letters, initial capital letters or quotation marks shall have the same meaning as is attributed to such word, term or phrase in (i) the Plan of Reorganization confirmed by the United States United States Bankruptcy Court for the District of New Hampshire in *In re Shepherds Hill Development Co., LLC*, BK-99-11087-JMD (the "Confirmed Plan", "Bankruptcy Court" and the "Case") which is also referred to in this document as the "Reference Document", (ii) or if not defined in the Reference Document, the Bankruptcy Code of 1978, as amended, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") or the New Hampshire Uniform Commercial Code, RSA 382-A, as amended ("UCC"), RSA 479, as amended or RSA 21 as may be appropriate given the term and its use.  Irrespective of where or how any word, term or phrase is defined, it shall be deemed to incorporate by reference all of the data and information pertaining to, or given as part of such definition.

2. "Encumbrance" means and includes any and all mortgages, liens, attachments and other encumbrances of any nature whatsoever.

3. "Legal Requirements" means and includes any and all federal and state statutes, local laws and ordinances and administrative regulations promulgated under any thereof which govern the construction or use of the Development Property or the Improvements.

4. "Partial Release Payment" means the sum of the $20,000 for each lot, approved building site or footprint sold or subjected to a new, first mortgage pursuant to the Confirmed Plan.

5. "Plan Obligation(s)" means and includes any and all financial liabilities and other obligations of Pledgor to Pledgee of every kind, nature and description, direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising hereafter under the Confirmed Plan.

6. "Subject Property" means and includes the Pledgor's real estate located on Kimball Hill Road in Hudson, New Hampshire and is more particularly described in the Mortgage Deed granted to Leonard Vigeant by Pledgor which is recorded with the Registry of Deeds for Hillsborough County, New Hampshire in Book 5860, at Page 1801.

## AGREEMENT

**FOR GOOD AND VALUABLE CONSIDERATION,** the receipt, adequacy and reasonable equivalence of which of which Guarantor hereby acknowledges, Pledgor, intending to be equitably and legally bound hereby, agrees, covenants and undertakes as follows:

1. **Pledgor's Acknowledgments and Warranties.** As a material inducement to the execution of this Agreement, Pledgor represents to Pledgee as follows:

   A. Pledgor has full power and lawful authority to enter into this Agreement which is, and will continue to be fully enforceable in accordance with its terms, conditions and covenants subject only to such limitations and restrictions as are or may be imposed by law on Creditors generally or the unavailability of discretionary, equitable relief.

   B. Pledgor is the sole and exclusive owner of all of the Subject Property subject to the Plan Obligations and:

      (1) Any title defects and deficiencies disclosed in Exhibit A entitled "Special Exceptions" (the "Special Exceptions"), Legal Requirements and such other Permitted Encumbrances as may exist from time to time including, without limitation, liens for the payment of real estate taxes, assessments, special assessments and other charges.

2. **Pledgee Rights.** In addition to any other privileges, remedies and rights which the Pledgee has hereunder:

   A. The Pledgor shall give the Pledgee at least 5 days prior written notice of any proposed Transaction.

   B. Within 5 business days of the closing of any Transaction, the

Pledgor shall give the Pledgee an accounting for such Transaction, including the disbursement of any proceeds.

3. **Permitted Transactions.** In furtherance of the Confirmed Plan, Pledgor may:

    A. Grant Thibeault Corporation of New England (the "Infrastructure Contractor") the Statutory Power of Sale Mortgage required by the Plan;

    B. Consummate any other Plan Transactions in accordance with the terms of the Confirmed Plan;

    C. Mortgage or grant, sell, bargain, convey, transfer or otherwise alienate all, or any part of the Subject Property as long as Pledgor pays, or makes reasonable provision for the payment of the Dividends becoming due under the terms of the Plan from the Distributable Proceeds of the transaction;

    D. Enter into other transactions affecting the Subject Property in the ordinary course of business with unrelated third parties on business and economic terms and conditions which reflect the exercise of reasonable business judgment in the then existing marketplace and are reasonably believed to be consistent with the implementation of the Confirmed Plan.

4. **Negative Pledge.** Except for the Permitted Transactions, Pledgor will not voluntarily mortgage, grant, sell, bargain, convey, transfer, lease or otherwise alienate all, or any part of the Subject Property without the prior written consent of the Pledgee which will not be unreasonably withheld.

5. **Supplemental Negative Pledge of Membership Interests**. Shepherds Hill Proponents, LLC agrees that it will not transfer its Membership Interests in the Pledgor without the prior written consent of the Pledgee which will not be unreasonably withheld. Further, the Members of Shepherds Hill Proponents, LLC agree that they will not transfer their Memberships Interests in such entity with the prior written consent of

the Pledgee which will not be unreasonably withheld.

**6. Books and Records; Accounting.** The provisions of the Proponent's Plan regarding and requiring the keeping of books and records, accounting and providing the Trustee with access to such books and records and accountings are incorporated herein by reference as fully as if complete set forth.

**7. Recording of Agreement.** Pledgor authorizes Pledgee to record this Agreement with the Registry of Deeds and with such other public offices as Pledgor deems necessary or desirable to evidence its rights and the obligations of Pledgor hereunder at any time after the occurrence of any default and shall reimburse Pledgee for Pledgee's recording fees on presentation of an invoice or statement for them.

**8. Remedies.**

**A.** Pledgor acknowledges that Pledgee will be immediately and irreparable damaged by any breach of, or default under this Agreement and without an adequate remedy at law. In the event of any threatened or actual breach by Pledgor hereunder, Pledgor agrees that Pledgee shall be entitled to immediate equitable relief from any court of competent jurisdiction including, without limitation, the issuance of a mandatory or restorative injunction and to recover reasonable attorneys' fees and related costs and expenses incurred in enforcing this Agreement if he prevails.

**B.** In addition to equitable relief, the Pledgee shall be entitled to recover compensatory damages in the event of any proven breach of, or default under the terms and conditions of this Agreement.

**9. Term.** This Agreement shall become effective on the date hereof and shall remain in full force and effect until such time as all of Pledgor's Plan Obligations to Pledgee have been paid and performed in full.

**10. Benefit.** This Agreement shall be binding upon, and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, legal

representatives and assigns.

**IN WITNESS WHEREOF**, Pledgor and Pledgee have executed this Agreement as a sealed instrument within the State of New Hampshire on this date. Solely for the purpose of being bound by the provisions of Paragraph 5, Shepherds Hill Proponents, LLC and its Members have executed this Agreement as a sealed instrument within the State of New Hampshire on this date.

EFFECTIVE DATE: July 21, 2000

**WITNESS:**

_[signatures]_

**PLEDGOR:**

**SHEPHERD'S HILL DEVELOPMENT CO., LLC**

By: _[signature]_
Ralph Caruso
Its duly authorized Manager

**SHEPHERD'S HILL PROPONENTS, LLC**

By: _[signature]_
Ralph Caruso
Its duly authorized Manager

_[signature]_
Caesar Balzotti, Individually

_[signature]_
Ralph Caruso, Individually

_[signature]_
Ernest Thibeault, Individually

**PLEDGEE:**

_[signature]_
Edmond J. Ford, Esq.

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

    Before me the undersigned officer personally appeared the within named Ralph Caruso who acknowledged that he executed the within instrument this 12 day of Sept, 2000 as authorized manager of Shepherd's Hill Development Co., LLC., on behalf of said entity.

                                       _____
                                       Notary Public/Justice of the Peace
                                       My Commission Expires: 1-19-2005


STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

    Before me the undersigned officer personally appeared the within named Ralph Caruso who acknowledged that he executed the within instrument this 12 day of Sept, 2000 as authorized manager of Shepherd's Hill Proponents, LLC., on behalf of said entity.

                                       _____
                                       Notary Public/Justice of the Peace
                                       My Commission Expires: 1-19-2005


STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

    Before me the undersigned officer personally appeared the within named Ralph Caruso, who acknowledged that he executed the within instrument this 12 day of Sept, 2000.

                                       _____
                                       Notary Public/Justice of the Peace
                                       My Commission Expires: 1-19-2005

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

Before me the undersigned officer personally appeared the within named Caesar Balzotti, who acknowledged that he executed the within instrument this 13 day of Sept, 2000.

_____
Notary Public/Justice of the Peace
My Commission Expires: 1-19-2000

STATE OF NEW HAMPSHIRE
COUNTY OF HILLSBOROUGH

Before me the undersigned officer personally appeared the within named Ernest Thibeault, who acknowledged that he executed the within instrument this 12 day of Sept, 2000.

_____
Notary Public/Justice of the Peace
My Commission Expires: 1-19-2000

STATE OF NEW HAMPSHIRE
COUNTY OF ROCKINGHAM

    Before me, the undersigned officer, personally appeared Edmond J. Ford, who executed the within instrument this 22nd day of September, 2000.

_____
Notary Public/Justice of the Peace
My Commission Expires: 5/2005