UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>SHEPHERDS HILL DEVELOPMENT,<br>CO., LLC,<br><br>SHDP, | CHAPTER 11<br>CASE NO. 99-110087 (MAF)<br>HEARING DATE: 05/18/2021<br>HEARING TIME: 10:00 A.M. |

**SHEPHERDS HILL DEVELOPMENT PROPONENT GROUP, LLC'S OBJECTION TO MOTION FOR DETERMINATION**

NOW COMES, the SHDP, Shepherds Hill Development Proponent Group, LLC ("SHDP"), a party in interest, and by its attorneys, Michael J. Scott and Scott & Scott, P.A., object to the Motion for Determination (the "Motion"), filed by the Shepherds Hill Homeowners Association, Inc. (the "Association"). This is Objection is based on the record in this case and on the following:

1. The SHDP admits the allegations of Paragraph 1 of the Motion.

2. SHDP denies the allegations of Paragraph 2 of the Motion.

3. SHDP admits the allegations of Paragraph 3 of the Motion.

4. SHDP admits the allegations of Paragraph 4 of the Motion.

5. SHDP admits the allegations of Paragraph 5 of the Motion.

6. SHDP admits the allegations of Paragraph 6 of the Motion.

7. SHDP admits the allegations of Paragraph 7 of the Motion

8. SHDP admits the allegations of Paragraph 8 of the Motion.

1

9. SHDP admits the allegations of Paragraph 9 of the Motion. In further response to Paragraph 9 of the Motion, SHDP states that the Association was formed on January 29, 2003.

10. SHDP admits the allegations of Paragraph 10 of the Motion.

11. SHDP admits the first sentence of Paragraph 11 of the Motion, but denies the remaining allegations of Paragraph 11 of the Motion. In further response, SHDP states that 2009 and 2012, the infrastructure, included water, sewer and electrical connections were constructed for fifty (50) additional condominium unit sites.

12. SHDP admits the allegations of Paragraph 12 of the Motion.

13. SHDP admits the allegations of Paragraph 13 of the Motion.

14. In response to the allegations of Paragraph 14 of the Motion, SHDP states that the characterization of the purpose(s) for the "Twenty -Fourth Amendment" are not accurate and therefore denies the allegations.

15. SHDP admits the allegations of Paragraph 15 of the Motion.

16. SHDP admits the allegations of Paragraph 16 of the Motion. In admitting this Paragraph, SHDP does not admit that the Superior Court had proper jurisdiction or venue to adjudicate the case nor does the SHDP admit that the decision of the Superior Court was correct.

17. SHDP admits the allegations of Paragraph 17 of the Motion. Once again, in admitting this Paragraph, the SHDP does not admit that the New Hampshire Supreme Court had property jurisdiction to make its determination nor does SHDP admit that the determination was correct.

18. SHDP admits the allegations of Paragraph 18 of the Motion.

19. SHDP admits the allegations of Paragraph 19 of the Motion.

20. SHDP admits the allegations of Paragraph 20 of the Motion. In admitting this Paragraph, SHDP does not admit that the Superior Court had proper jurisdiction or venue to adjudicate the case nor does the SHDP admit that the decision of the Superior Court was correct.

21. SHDP admits the first sentence of Paragraph 21 of the Motion.  However, SHDP denies the second sentence of Paragraph 21 of the Motion as it is the Association's subjective opinion.

22. In response to the first sentence of Paragraph 22 of the Motion, SHDP admits that the Association accurately quotes language from the New Hampshire Supreme Court's May 27, 2020 decision, but SHDP denies the remainder of the remainder of that sentence and Paragraph 22 of the Motion.  Moreover, in response to Paragraph 22, SHDP does not admit that the New Hampshire Supreme Court had subject matter jurisdiction or authority to render the May 27, 2020 decision if, in fact, it was making a determination regarding the impact of the SHDP's Chapter 11 Plan on SHDP's financial obligations thereunder and any waiver of the right to claim successors, or parties taking subject to those financial obligations.

23.  SHDP admits the allegations of Paragraph 23 of the Motion.

24. SHDP admits the allegations of Paragraph 24 of the Motion.

25. SHDP admits the allegations of Paragraph 25 of the Motion.

26. SHDP admits the allegations of Paragraph 26 of the Motion.

27. SHDP admits the allegations of Paragraph 27 of the Motion.

28. SHDP admits the allegations of Paragraph 28 of the Motion.

29. SHDP admits the allegations of Paragraph 29 of the Motion.

30. SHDP admits the allegations of Paragraph 30 of the Motion.

31. SHDP admits the allegations of Paragraph 31 of the Motion.

32. SHDP admits the allegations of Paragraph 32 of the Motion.

33. SHDP admits the first sentence of Paragraph 33, but denies the remaining allegations of Paragraph 33.

34. SHDP admits the allegations of Paragraph 18 of the Motion.

35. In response to Paragraph 35 of the Motion, SHDP admits that the Association did not exist as of the date of the Confirmation Order, but denies the remaining allegations of Paragraph 35.

36. SHDP denies the allegations of Paragraph 36 of the Motion.

37. SHDP denies the allegations of Paragraph 37 of the Motion.

38. SHDP admits the allegations of Paragraph 38 of the Motion.

39. SHDP denies the allegations of Paragraph 39 of the Motion.  In further response, SHDP states that the Association is seeking to obtain a windfall by succeeding to development rights and benefits secured by SHDP to include: (a) the exemption from transfer tax upon the sale of units; (b) significant reduction in sewer impact fees per unit; and (c) significant reduction in school impact fees.  The Association is also seeking to avoid taking title to the remaining condominium unit sites without taking subject to an outstanding mortgage having a current balance due in excess of $300,000.00

40. SHDP admits the allegations of Paragraph 40 of the Motion.

41. SHDP admits the allegations of Paragraph 32 of the Motion.

42. SHDP lacks knowledge concerning the truth and accuracy of the allegations contained in Paragraph 42 of the Motion and therefore denies same.

43. SHDP admits the allegations of Paragraph 43 of the Motion.

44. SHDP denies the allegations of the first sentence of Paragraph 44 of the Motion. SHDP admits that the NPA does not specifically mention the Association, but denies the remaining allegations of Paragraph 44.

45. SHDP lacks personal knowledge concerning the assertions of Balzotti, and therefore denies the allegations of Paragraph 45 of the Motion.

46. SHDP denies the allegations of Paragraph 46 of the Motion.

47. SHDP denies the allegations of Paragraph 47 of the Motion.

48. SHDP denies the allegations of Paragraph 48 of the Motion.

49. SHDP denies the allegations of Paragraph 49 of the Motion.  In further response, SHDP states that the decisions of the Superior Court and NH Supreme Court are void or voidable.

50. SHDP denies the allegations of Paragraph 50 of the Motion.

51. SHDP denies the allegations of Paragraph 51 of the Motion.

52. SHDP lacks personal knowledge concerning whether property and/or timely notice of this Motion was made by the Association and therefor denies the allegations of Paragraph 52 of the Motion.

WHEREFORE, SHDP respectfully requests the following relief:

A. Denial of the Association's Motion;

B. An Order requiring that the Association refile this matter as an Adversary Proceeding; and

C. Such additional or alternative relief as deemed just and equitable.

                                      Respectfully Submitted,

                                      SHEPHERDS HILL DEVELOPMENT,
                                      PROPONENTS, LLC

Date: 05/13/2021                     By: /s/ Michael J. Scott
                                      Michael J. Scott
                                      SCOTT & SCOTT, P.A.
                                      P.O. Box 1055
                                      Londonderry, NH 03053-1055
                                      (603) 434-3426 P
                                      mscott@scottandscottpa.com
                                      BNH No.01429