STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                                                                      SUPERIOR COURT

Balzotti Global Group, LLC
and Caesar Balzotti, Sr.

v.

Shepherds Hill Development Company, LLC,
Shepherds Hill Proponents, LLC,
Ernest J. Thibeault, III and Ralph Caruso

v.

Shepherds Hill Homeowners Association, Inc., Intervenor

Case No. 218-2018-CV-00117

### FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL

NOW COME the plaintiffs, Balzotti Global Group, LLC and Caesar Balzotti, Sr. (collectively "BGG" unless otherwise indicated), by and through their attorneys, Devine, Millimet & Branch, Professional Association, and submit the following First Amended Verified Complaint and Demand for Jury Trial:

### INTRODUCTION

1.  BGG and Caesar Balzotti bring this complaint to remedy the damage done to them by their partners in failing to protect and complete a development project and to enforce the terms of a promissory note now in default.

### PARTIES

2.  BGG is a Massachusetts limited liability company with a principal place of business located at 36 Alexandra Road, Lynnfield, Massachusetts 01940.

3.  Caesar Balzotti, Senior, is an individual with a business address of 36 Alexandra Road, Lynnfield, Massachusetts 01940.

4. Shepherds Hill Development Company, LLC ("SHDC") is a New Hampshire limited liability company with a principal place of business at 603 Mammoth Road, Londonderry, New Hampshire 03053.

5. Shepherds Hill Proponents, LLC ("Plan Proponents") is a New Hampshire limited liability company with a principal place of business at 603 Mammoth Road, Londonderry, New Hampshire 03053. According to the Secretary of State, it is not presently in good standing.

6. Ernest J. Thibeault, III, is an individual who, upon information and belief, has a residential address of 94 & 96 Dumont Park Road, Goffstown, New Hampshire 03045.

7. Ralph Caruso is an individual with a principal residential address of 4 Gussett Road, Wenham, Massachusetts 01984-1722.

8. Shepherds Hill Homeowners Association, Inc. ("Association") is a condominium association with an address of c/o Northpoint Property Management, 55 Lake Street, Fourth Floor, Suite 5, Nashua, New Hampshire 03060.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. SHDC obtained approval from the New Hampshire Attorney General's office and from the Town of Hudson to construct up to 400 units in Hudson, New Hampshire (the "Development Project").

10. After beginning work, including infrastructure work, the real estate market collapsed, the Development Project stalled, and ultimately SHDC filed for bankruptcy protection on April 2, 1999.

11. Caesar Balzotti, Ernest J. Thibeault, III, and Ralph Caruso formed Plan Proponents to propose a reorganization of SHDC to complete the Development Project and pay existing creditors. They submitted a Third Amended Plan of Reorganization on July 18, 2000

(the "Plan"), which was approved by the Bankruptcy Court on July 21, 2000. As part of the Plan, SHDC issued a promissory note in the amount of $714,000 payable to Dawn Balzotti (the "Balzotti Note"). The Balzotti Note was guaranteed by Plan Proponents and Ernest Thibeault individually. The Balzotti Note was executed the same time the Plan was finalized and memorialized the agreement that the Balzotti Note would be subordinated initially to other creditors in exchange for interest if the Balzotti Note was not repaid within five years.

12. The Balzotti Note was interest free for a period of five years based on the assumption in the Plan that the Development Project would be completed within five (5) years from confirmation of the Plan. SHDC and Mr. Balzotti agreed to structure the Balzotti Note such that it began to accrue interest at twelve (12) percent compounded annually from the inception of the Balzotti Note (July 21, 2000) when it was not paid in full within five (5) years.

13. The Plan also vested certain development rights on favorable terms with the developer (SHDC) or any future developer pursuant to negotiations with the Town of Hudson while SHDC was in bankruptcy.

14. The Plan required that as each unit was sold, SHDC would contribute $20,000 to payment of creditors, starting with the more senior creditors and moving down the categories of creditors. The Plan also further contemplated that SHDC would fully complete the Development Project such that it could repay the Balzotti Note executed as part of the overall Plan. By design, the Plan was essentially a land loan with the Plan acting as the "bank.". As units were sold, proceeds from the sale would be used to pay down the creditors. The Plan also contemplated that all creditors, including now BGG, would be paid 100 percent of their allowed claims through the further development of and sale of the remaining units.

15. The Plan was approved by the Bankruptcy Court on July 21, 2000 and was recorded in the Hillsborough County Registry of Deeds at Book 6315, Page 1200. BGG, as the current holder of the Balzotti Note, has an allowed claim and is an intended third-party beneficiary of the Plan.

16. SHDC caused the Association to be formed as part of the Plan requirements because the Plan mandated that the Association be formed. SHDC did not transfer the development property to the Association until 2003, so the Association took the property subject to the obligations of the Plan already on record.

17. After confirmation of the Plan and continuing to this day, Mr. Thibeault and Mr. Caruso exercised complete dominion and control over Plan Proponents and SHDC. Mr. Thibeault and Mr. Caruso each owned 40% of Plan Proponents which in turn owned SHDC. Thus, Mr. Thibeault and Mr. Caruso had complete control over the SHDC and Plan Proponents and sought to marginalize Mr. Balzotti, the principal of BGG.

18. The Development Project had convertible land, which SHDC had to develop within a certain period of time by statute, or lose the rights to develop that remaining land.

19. Mr. Thibeault and Mr. Caruso, acting through Plan Proponents and SHDC, knew or should have known of these deadlines as experienced developers. Furthermore, these individuals and entities should have taken steps well in advance of the statutory deadline to make sure they met this deadline or reached some form of accommodation with the Association to allow them to continue the Development Project after the statutory deadline passed.

20. Instead of taking these actions, Mr. Thibeault caused SHDC to try to outmaneuver the Association and file a purported amendment to the declaration of the Association to satisfy the convertible land conversion deadline. The Association objected to this tactic and sued in

state court. Pursuant to an order entered in the Superior Court on March 18, 2014, in Docket No. 2013-cv-00241, the Association prevailed. SHDC, solely through the actions of Mr. Thibeault, appealed the case to the Supreme Court. By Order dated April 2, 2015, the Supreme Court upheld the trial court decision finding that SHDC lost all rights to further develop the project.

21.     Neither the Superior Court decision nor the Supreme Court decision address, much less impact, the Plan. The Plan obligations pre-exist the dispute between SHDC and the Association and the Plan obligations remain binding on SHDC and now the Association as the new developer, irrespective of these court decisions.

22.     Neither Thibeault nor Mr. Caruso ever advised Mr. Balzotti of this lawsuit or the Superior Court decision. Mr. Balzotti only learned of the lawsuit after BGG acquired the Balzotti Note and the issue was on appeal.

23.     The final Supreme Court order denying SHDC further development rights is a breach of the Balzotti Note, by the express terms of the Balzotti Note. BGG previously gave SHDC notice of the default and triggered the ten day clock for SHDC to cure. BGG initiated this lawsuit immediately because it is concerned that the property may be transferred shortly by the Association.

24.     In or about August 2014, the Balzotti Note and the supporting Guaranties of Mr. Thibeault and Plan Proponents were assigned to BGG by Dawn Balzotti, the original holder.

25.     Pursuant to the final court order, SHDC has no further development rights and, thus, no means to meet its obligations pursuant to the Plan.

26. BGG believes that the Association is actively trying to take advantage of the favorable development rights secured from the Town of Hudson through the Plan to try to sell those rights to a developer and retain those proceeds for the Association's benefit.

27. By correspondence dated January 11, 2018, BGG, through its counsel, put the Association's counsel on notice of its claim. Association counsel has not responded to this letter.

28. The Plan provided valuable vesting protection for developers with the Town of Hudson pursuant to a negotiated development agreement, which was part of and incorporated expressly into the order approving the bankruptcy plan. Thus, upon information and belief, the Association and any subsequent developer appear to be seeking to obtain a benefit from and rely on the negotiated favorable development rights and constructed infrastructure while avoiding any Plan obligations, including payment of the Balzotti Note.

29. It is BGG's position that the Association cannot cherry pick aspects of the Plan and seek to rely on and benefit from the development agreement but at the same time not honor other aspects of the Plan. To do so would allow the Association and any subsequent developer to be unjustly enriched at the expense of creditors of SHDC, including BGG. The Association came into existence after the Plan was recorded in the Registry of Deeds so the Association's rights are limited by and subject to the pre-existing Plan obligations. By obtaining the development rights from SHDC, the Association became the successor-in-interest to SHDC with respect to Plan obligations concerning the Development Project. Such a result is the only equitable result. Otherwise, the Association would receive a huge windfall. The Association did not pay for the land or improvements--SHDC and SHDC's creditors did. In fact, the funds behind the Balzotti Note were used to build the infrastructure that the Association now seeks to utilize for its own benefit without compensating BGG.

30. Previously, Mr. Thibeault has recognized and acknowledged in court that SHDC must pay creditors. However, as noted above, he and Mr. Caruso then failed to properly manage and oversee the Development Project to protect those substantial development rights. By failing to do so, he has violated his responsibility as a manager of SHDC and breached SHDC's Plan obligations.

31. Upon information and belief, Mr. Thibeault and Mr. Caruso also have caused Plan Proponents to shut down and not file any further reports with the Secretary of State's Office.

32. Mr. Thibeault, Mr. Caruso, SHDC and Plan Proponents' conduct all has harmed BGG and Mr. Balzotti by potentially destroying any recovery for BGG and Mr. Balzotti out of the Development Project.

33. As noted above, this conduct breached the Balzotti Note entitling BGG to declare the entire note balance due and payable with interest, attorney's fees and costs. SHDC, Plan Proponents and Mr. Thibeault are all jointly and severally liable as the maker and guarantors of the Balzotti Note. Additionally, the Association is now liable to BGG on the Balzotti Note by virtue of its actions to obtain the remaining development rights from SHDC and its role as successor-in-interest to SHDC.

34. Contemporaneously with the filing of its initial complaint, BGG made demand upon SHDC and the guarantors for payment in full within ten (10) days of notice of the demand because of the breaches of the Balzotti Note. BGG brings this lawsuit now because it believes that SHDC may try to convey any remaining rights it might have and the Association is actively attempting to sell its rights to a different developer.

## COUNT I
### (Breach of Promissory Note)
### BGG v. SHDC, Ernest J. Thibeault, III, and Plan Proponents

35. BGG restates and incorporates herein by reference the preceding paragraphs as if set forth fully herein.

36. As explained above, SHDC has now breached the Balzotti Note because SHDC lost its development rights to the Development Project by virtue of the final Supreme Court Order dated April 2, 2015.

37. BGG has been damaged by these breaches and is entitled to declare and has declared the entire Balzotti Note due and payable in full, plus interest, costs and attorney's fees. The current payoff, exclusive of attorney's fees and costs, as of January 31, 2018 is $5,151,651.56.

38. BGG is further entitled to pursue collection against Mr. Thibeault and Plan Proponents as guarantors of the Balzotti Note. Mr. Thibeault and Plan Proponents are jointly and severally liable to BGG.

39. BGG is entitled to judgment against Mr. Thibeault, Plan Proponents and SHDC in excess of $5,151,651.56, plus continuing interest, costs and attorney's fees, all in an amount to be proven at Court.

## COUNT II
### (Breach of Fiduciary Duty)
### Caesar Balzotti, Sr. v. Ernest J. Thibeault, III and Ralph Caruso

40. BGG and Mr. Balzotti restate and incorporate herein by reference the preceding paragraphs as if set forth fully herein.

41. Mr. Thibeault and Mr. Caruso, as the majority owners of SHDC and Plan Proponents and managers, owed a fiduciary duty to Mr. Balzotti. As a minority owner of both Plan Proponents and SHDC, Mr. Balzotti was relying on them to complete the Development

Project so that he could be paid on the Balzotti Note and receive the profits from the completed Development Project. Because of the improper and negligent conduct and gross mismanagement by Mr. Thibeault and Mr. Caruso, SHDC failed to do so and lost the development rights.

42. Mr. Thibeault and Mr. Caruso were directly responsible for the failure of SHDC to hold onto and properly utilize the development rights granted through the Plan.

43. These actions have the secondary effect of depriving Mr. Balzotti of the bulk of the profits to which he would be entitled from the Development Project because they lost the last development rights, which are most profitable.

44. Mr. Thibeault and Mr. Caruso also have refused to provide distributions to Mr. Balzotti, even after Mr. Thibeault conceded that he owed distributions to Mr. Balzotti. Instead, Mr. Thibeault and Mr. Caruso have run SHDC to benefit themselves at the expense of Mr. Balzotti.

45. Because of these breaches, Mr. Balzotti has been harmed and continues to be harmed.

46. Balzotti is entitled to judgment against Mr. Thibeault and Mr. Caruso for all damages he has suffered, plus interest, costs and attorney's fees, all in an amount to be proven in Court.

## COUNT III
### (Declaratory Ruling)
### BGG v. Shepherds Hill Homeowners Association

47. BGG restates and incorporate herein by reference the preceding paragraphs as if set forth fully herein.

48. For the reasons outlined above, BGG seeks a declaratory ruling that the Association is, as a matter of law and fact, the successor-in-interest to SHDC and, thus, obligated

9

to comply with the payment provisions to creditors set forth in the Plan, including the repayment of the Balzotti Note which memorializes the Balzotti creditor claim now owned by BGG.

## COUNT IV
### (Constructive Trust)
### BGG v. Shepherds Hill Homeowners Association

49. BGG restates and incorporate herein by reference the preceding paragraphs as if set forth fully herein.

50. Balzotti and SHDC had a confidential relationship. SHDC, per the Plan, formed the Association and then transferred the Development Project property to the Association for no consideration.

51. The Association is seeking to gain an economic windfall at the expense of BGG, an intended third-party beneficiary of the Plan. In fact, the Plan was recorded in the Registry of Deeds to protect against this very conduct.

52. The Association provided nothing of value yet now owns a valuable development with future development potential.

53. SHDC and its creditors paid for all of the improvements upon which the Association now receives the benefit. In fact, the funds set to be repaid via the Balzotti Note were used for infrastructure improvements for the development.

54. As a result, any proceeds received from the development of the property or sale of subsequent units should be imposed with a constructive trust for the benefit of BGG.

## COUNT V
### (Unjust Enrichment)
### BGG v. Shepherds Hill Homeowners Association

55. BGG restates and incorporate herein by reference the proceeding paragraphs as if set forth fully herein.

56. As stated above, the Association now seeks to reap a benefit at the expense of BGG

57. The Association would be unjustly enriched if it were to receive the benefits of the Plan and the Development Project for free and without paying the BGG, an intended beneficiary of the Plan.

58. BGG is entitled to equitable relief requiring the Association to make all payments to BGG as set forth in the Plan, including repayment of the Balzotti Note.

**BGG and Balzotti request a jury trial on all claims so triable.**

WHEREFORE, BGG and Balzotti respectfully request that this Court:

A. Grant them judgment in their favor on all counts of this complaint;

B. After notice and a hearing, grant the requested prejudgment attachment, which is filed contemporaneously herewith;

C. Grant BGG and Balzotti such other and further relief as this Court deems just and equitable.

## VERIFICATION

I, Caesar Balzotti, Sr., do hereby verify that the factual allegations contained this First Amended Verified Complaint are true and accurate to the best of my knowledge, information and belief.

Dated: March 20th, 2018

_____
Caesar Balzotti

STATE OF _Massachusetts_
COUNTY OF _Essex_

Personally appeared the above-named Caesar Balzotti, Sr., and acknowledged that the foregoing statements by him subscribed are true to the best of his knowledge and belief.

Before me:

_____
Justice of the Peace/Notary Public
My Commission Expires: _____

PAUL J. YANAKAKIS
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
September 14, 2023

Respectfully submitted,

BALZOTTI GLOBAL GROUP, LLC
and CAESAR BALZOTTI, SR.

By their Attorneys,
DEVINE, MILLIMET & BRANCH, PA

Dated: March 2), 2018

By: _____
Matthew R. Johnson, Esquire (NH Bar# 13076)
111 Amherst Street
Manchester, N.H. 03101
Telephone No.: (603) 695-8727
mjohnson@devinemillimet.com

## CERTIFICATER OF SERVICE

I hereby certify that a copy of the foregoing First Amended Verified Complaint for Damages and Equitable Relief and Demand for Jury Trial has t been forwarded to Thomas W. Aylesworth, Esquire, Emile R. Bussiere, Jr., Esquire, Jeremy T. Walker, Esquire, and John M. Sullivan, Esquire.

_____
Matthew R. Johnson, Esquire

12