## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **CHAPTER 11** |
| **SHEPHERDS HILL DEVELOPMENT,** | ) | **CASE NO. 99-110087 (MAF)** |
| **CO., LLC,** | ) | |
| | ) | |
| | ) | |
| Debtor, | ) | |

## SHEPHERD'S HILL PROPONENTS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING ITS POSITION THAT NEITHER IT NOR OTHER CREDITORS IN THIS CASE ARE PRECLUDED FROM BRINGING CLAIM AGAINST SHEPHERDS HILL HOMEOWNER'S ASSOCIATION, INC. FOR ENFORCEMENT OF MORTGAGE, IMPOSITION OF A CONSTRUCTIVE TRUST AND/OR UNJUST ENRICHMENT DAMAGES

NOW COMES, Shepherd's Hill Proponents, LLC (the "SHP"), and by its attorneys, Michael J. Scott and Scott & Scott, P.A., submits this Memorandum of Points and Authorities in support of its position that neither it nor other creditors in this case are precluded from bringing claims/counterclaims against Shepherds Hill Homeowners Association, Inc. (the "Association"), to enforce SHP's mortgage, impose a constructive trust and/or seek unjust enrichment damages (the "Memorandum"). This Memorandum is based on the Exhibits filed herewith, the records and pleadings in this case, the Hillsborough County Superior Court, Southern District ("HCSC"), and the New Hampshire Supreme Court.

### I.     ISSUE

Whether summary judgment granted by HCSC to the Association and against the Debtor, which vested existing unit owners with title to the Shepherds Hill Condominium unfinished units and land and appurtenant commons area, precludes SHP or other creditors from filing

1

claims/counterclaims against the Association to enforce SHP's mortgage, impose a constructive

trust and/or seek unjust enrichment damages for improvements Debtor supplied to those

unfinished units.

## II.    APPLICABLE LAW

This Court, in _In re DiBerto_, drawing upon relevant case law, provided the following

definition and test for both claim and issue preclusion following discussion:

"[W]e explained that the "claim preclusion" aspect of res judicata bars relitigation of any claim 'that was, or might have been, raised in respect to the subject matter of the prior litigation.' "Issue preclusion" or "collateral estoppel" on the other hand, prohibits relitigation 'of factual or legal issue that was actually decided in previous litigation `between the parties whether on the same or on a different claim.'

We emphasized that 'an issue may be "actually" decided even when it is not explicitly decided, for it may have constituted, logically or practically, a necessary component of the decision reached.'

 [E]ssential elements of res judicata, or claim preclusion, are (1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits . . .' [while] ) 'traditional legal doctrine of "collateral estoppel" bars relitigation of any issue that (1) a party had a full and fair opportunity to litigate in an earlier action, (2) was finally decided in that action, (3) against that party, and (4) was essential to the earlier judgment . . ."(citations omitted). _In re DiBerto_, 171 B.R. 461, 471 (Bankr. N.H. 1994).

## III.    PROCEDURAL HISTORY

The Debtor filed this Chapter 11 Petition on April 2, 1999.  A competing Chapter 11

Plan, dated July 5, 2000 (the "Plan"), was filed by Caesar Balzotti, Ralph Caruso and Earnest J.

Thibeault, III and confirmed on July 21, 2000. See Doc. No. 394 in this case.  The case was

closed on January 7, 2004.

On April 16, 2013, the Association filed a Verified Complaint (the "Complaint") (Exhibit

A) with HCSC in the case _Shepherds Hill Home Owners Association, Inc. Shepherds Hill_

2

*Development Co., LLC*, Case No. 226-2013-CV-00241 (the "State Court Case").   The

Complaint asked HCSC to declare that as of February 26, 2013: (a) Debtor's right, title and

interest in the Condominium expired; (b) all portions of the Condominium land with

improvements not containing complete units became "common area" owned by existing unit

owners; and (c) Debtor no longer had right to access to the Condominium's common areas or

convertible land for purposes of construction/development.  Additional relief requested was

expungement of a 24th amendment to the Declaration of Condominium filed by Debtor with the

Hillsborough County Registry; and an injunction barring the Debtor from: (a) access to the

common area/convertible land of the Condominium to complete construction of units or to

convert so called "land only units" to additional units; (b) recording any document with the

Registry to preserve alleged convertible land rights; and (c)  creating, conveying, encumbering or

selling any units or "land only units" or convertible land rights that did not include completed

units.  SHDC filed a May 29, 2013 Answer to the Verified Complaint (Exhibit B).

On November 21 2013, the Association filed a Summary Judgment Motion (Exhibit C),

to which Debtor filed a timely Objection (Exhibit D).   The HCSC granted the Summary

Judgement by March 19, 2014 order (Exhibit E).  SHDC filed a May 8, 2014 Notice of Appeal

with the New Hampshire Supreme Court (Exhibit F).  The New Hampshire Supreme Court

issued an April 2, 2015 Order affirming the HCSC's summary judgement decision. See Exhibit

G.

This Court granted the Association's motion to reopen this case on March 15, 2021, and

the Association file its April 16, 2021 Motion to Determine (the "Motion").  The Motion

requests that this Court enter an order: a) determining that the Plan Obligations have been

satisfied and that any sale of a condominium unit by an entity other than the Reorganized Debtor

shall not be encumbered by the Plan Obligations, b) determining that the Association is not

bound by the terms of the Plan, Confirmation order or NPA and may sell its development rights

or other interests free and clear of any Plan Obligations, c) authorizing the recording of a

document terminating the NPA with the registry of deeds, d) administratively closing this

bankruptcy case and e) for such other and further relief as may be necessary. See Doc. No. 399

in this case.

### IV.    FACTS SUPPORTING BASES FOR CLAIMS/COUNTERCLAIMS, WHEN THEY WERE FIRST COGNIZABLE AND THE ABSENCE OF ADJUDICATION OF THOSE CLAIMS/COUNTERCLAIMS IN STATE COURT LITIGATION

To fund development and construction of the Condominium, Debtor obtained a

development loan and executed an October 7, 1997 promissory note in the amount of

$2,650,000.00 payable to Leonard A. Vigeant (the "Vigeant Note"). See Exhibit H. The

Vigeant Note was secured by a mortgage of even date recorded against the Property (the

"Mortgage"). See Exhibit I. On July 28, 2000, Mr. Vigeant assigned the Mortgage and Vigeant

Note to 22 Kimball Hill Road, LLC. Ernest J. Thibeault, III was the sole member of 22 Kimball

Hill Road, LLC. See Exhibit J. To facilitate funding of the Plan, Mr. Thibeault, by April 30,

2004 Agreement, transferred his membership interest in 22 Kimball Hill Road, LLC to the

Debtor, whose sole member at that time was SHP (SHP was formed on July 18, 2000, with its

founding members being Ralph Caruso and Mr. Thibeault). In 2010, Mr. Caruso withdrew as a

member of SHP leaving Mr. Thibeault as the sole member). SHP is the current holder of the

Note and Mortgage. See Exhibit K.

Between 2001 and 2014, Debtor completed 274 of the units at the Shepherds Hill

Condominium. As required by the Plan, upon the sale of each of these units, $20,000.00 was

paid into the Plan by the Debtor. Each new owner of a unit received a Partial Discharge &

Release of Mortgage (Allowed Secured Claim) and Attachment ("Partial Release"), from 22 Kimball Hill Road, LLC (SHP's assignor) in form attached hereto as Exhibit G (Partial Release for Unit No. 0324).   The Partial Releases given by 22 Kimball Hill Road, LLC provided for the partial discharge and release of each specified condominium unit "and the common area appurtenant thereto".  See Exhibit L.  The clear intent of the Partial Release was to discharge the Mortgage only as to the buyer's unit and the proportionate share of common area owned by the buyer based on the Declaration of Condominium of Shepherds Hill. See Exhibit M.  (the "Declaration"), and As-Built Site Plan Tax Map 25/Lot 214 Shepherds Hill Condominium 22 Kimball Hill Road & NH Route 111 Hudson, New Hampshire dated September 11, 2008, latest revision date November 26, 2003 recorded with the Registry as plan nos. 32827 and 32693 (the "As-Built Plans").  See Exhibit N.  Thus, the unit owner, based on the Declaration and Plan would ultimately be the owner of $1/400^{th}$ of the common area released and discharged by the Partial Release.

   As of 2014 there were 126 "land-only-units".  Debtor expended an estimated sum of $11,000.00 per "land-only-units" for infrastructure: sewer, water, drainage, blasting and road preparation (excluding paving).  Debtor expended $4,603.00 per "land-only-units" broken down as $238.00/unit - Architectural Services, $2,778.00/unit - Construction Period Interest, and $1,587.00/unit – Real Estate Taxes.  Based on these figures, Debtor estimates unreimbursed material and labor supplied to the 126 "land-only-units" to be $1,965.870.00.

   As of June 2021, a balance of $792,983.26 remained due on the Note secured by the Mortgage on the remaining 126 "land-only-units" and appurtenant common area (approximately 126/400 or 32% of unimproved land in the Shepherds Hill Condominium).  As of this date, SHP, holder of the Note and Mortgage, is entitled to enforce the Mortgage and therefore able to bring

action to collect the Note. See NH RSA 508:6; see also, *Phinney v. Levine*, 116 N.H. 379, 380 (1976).

The HCSC March 19, 2014 grant of summary judgment, affirmed by April 2, 2015 New Hampshire Supreme Court decision, vested title to the 126 "land-only-units" and appurtenant common area to the 274 completed unit owners.  There was no mention in that summary judgment order, pleadings or record in the State Court Case nor in the New Hampshire Supreme Court decision addressing the Mortgage or any other encumbrances on the Shepherd Hill Condominium units.  Nothing in the pleadings and record in the State Court Case record or New Hampshire Supreme Court decision addressed any pecuniary interest Debtor or other creditors had or could claim for value of improvements made or supplied to the 126 "land-only-units" and appurtenant common area. Nothing in the respective records of either of these state courts referenced this Chapter 11 case, the Plan or creditors in this case nor those creditors' potential interest in income from the 126 "land-only-units" and appurtenant common area.  Nothing in the pleadings and records of either of these state courts addressed the status or ownership of development rights for the remaining 126 "land-only-units".

Plaintiff and Debtor were the only parties in the State Court Case and neither creditors nor parties-in-interest in this case were involved in that state court litigation.  SHP acknowledges, however, that it has privity with the Debtor being its sole member.

## V.   ARGUMENT

Application of the underlying facts and procedural history in this case to the essential elements of claim and/or factual/legal issues shows that SHP and other creditors in this case cannot be barred from pursuing claims/counterclaims to enforce the Mortgage, impose a constructive trust and/or seek unjust enrichment damages against Plaintiff (as agent for the 274

6

completed unit owners).   SHP concedes that there was a final judgment in the State Court Case involving Plaintiff, Debtor and its "privies", SHP and Ernest J. Thibeault, III.  However, the cause of action in the State Court Case involved a declaration of legal title for the entire Shepherds Hill Condominium vesting in the 274 completed unit owners and injunctive relief barring Debtor from further development, construction, sale and/or encumbrance of the remaining 126 "land-only-units".   The subject matter of the State Court Case, as reflected in the record and pleadings, raised no claims regarding: (a) the efficacy or enforceability of the Mortgage, (b) the ownership/termination of development rights; and/or (c) potential claims of Debtor or creditors in this case for disgorgement of the value of improvements made or supplied to the remaining 126 "land-only-units".  Just because the 274 existing unit owners obtained legal title to the 126 land-only-units and appurtenant common area, did not mean they took title free and clear of the Mortgage.  Courts have often resolved boundary line disputes and adverse possession claims vesting title in one party or another, but such judicial determinations of title do not incidentally extinguish recorded mortgages  Each of the 274 existing unit owners obtained from SHP (through its successor 22 Kimball Road, LLC), a Partial Release, but that Partial Release incorporated by reference the Declaration and As-Built Plans showing that the Partial Release only discharged the mortgage as to 1/400th of the common area appurtenant to each unit. In the State Court Case, the Plaintiff had the HCSC consider the "land-only-units" and appurtenant common area to be simply "common area" titled to the 274 completed unit owners. However, the Partial Release given to each of the 274 completed unit owners was intended to discharge the Mortgage as to 274/100ths of the common area in total.  Hence, 126/400 of the Shepherds Hill Condominium common area remains encumbered by the Mortgage.  By virtue of the summary judgment obtained by Plaintiff, the 274 completed unit owners acquired title to the

126 "land-only-units" and appurtenant land subject to SHP's Mortgage.   Based on the foregoing and the applicable statute of limitations for enforcing recorded mortgages (See RSA 50:6), SHP is not barred by claim preclusion from enforcing its Mortgage against Plaintiff and the 274 completed unit owners.

It was not until the filing of Plaintiff's Motion in this case that SHP was faced with a claim by Plaintiff to "sell its development rights or other interests free and clear of any Plan Obligations".  Debtor (and as its sole member, SHP), not Plaintiff, is the only entity which had legal title to the development rights at the Shepherds Hill Condominium (albeit those rights have since expired and would have to be renewed).   By the Motion, Plaintiff seeks to usurp or have this Court acknowledge/rule Plaintiff as holding title to the development rights for the Shepherds Hill Condominium.  One of the "Plan Obligations" is SHP's Note and Mortgage for which a balance of $792,983.26 is outstanding.  By this Motion, Plaintiff seeks to have this Court acknowledge/rule that Plaintiff and the 274 completed unit owners, have title to the entire Shepherds Hill Condominium "free and clear" of SHP's Note and Mortgage.  These claims have never been raised until this Motion.  If they had been raised in the State Court Case, SHP would have brought the claims/counterclaims in that forum that it now intends to bring in this contested matter.

Plaintiff's Motion, by seeking to "sell its developmental rights or other interests free and clear of any Plan Obligations" tacitly acknowledges that creditors in this case likely have an interest in the 126 "land-only-units" and appurtenant common which have been improved by the Debtor in the amount of an estimated $1,965.870.00.  Unsecured creditors in this case were never made privy to or parties to the State Court Case.  Had the Plaintiff, in the State Court case, asserted a claim for the development rights in the 126 land-only-units and retaining a windfall of

$1.9 million in improvements thereon, with the intent to complete the units and retain all monies from the sale, free of the interests of creditors in this Chapter 11case, it is more than likely the Trustee would have intervened in the State Court Case and asserted claims on behalf of the creditors.

## VI.    CONCLUSION

Based on the foregoing, neither SHP nor other creditors in this case are precluded from bringing claims/counterclaims against Shepherds Hill Homeowner's Association, Inc. and the 274 completed unit owners it represents, to enforce the terms of the Mortgage, impose a constructive trust on Shepherds Hill Condominium and/or seek unjust enrichment damages.

WHEREFORE, it is respectfully requested that this Court determine that neither Shepherd's Hill Proponents, LLC nor creditors in this case are precluded from bringing a claims/counterclaim to enforce the Mortgage, seeking imposition of a constructive trust and/or seeking unjust enrichment damages.

Respectfully Submitted,
SHEPHERD'S HILL PROPONENTS, LLC
By Its Attorneys,
SCOTT & SCOTT, P.A.


Date:  08/03/2021            By:    /s/ Michael J. Scott
                                    Michael J. Scott
                                    P.O. Box 1055
                                    Londonderry, NH 03053
                                    (603) 434-3426 P
                                    (603) 437-0022 F
                                    mscott@scottandscottpa.com
                                    NHB No. 01429