UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: <br><br> SHEPHERDS HILL DEVELOPMENT, CO., LLC, <br><br><br> Debtor, | CHAPTER 11 <br> CASE NO. 99-110087 (MAF) |
| SHEPHERD'S HILL PROPONENTS, LLC and SHEPHERDS HILL DEVELOPMENT CO., LLC, acting as Debtor-In-Possession on Behalf of Creditors <br><br> vs. <br><br> SHEPHERDS HILL HOMEOWNER'S ASSOCIATION, INC. agent for Unit Owners of Shepherds Hill Condominium | ADV. NO. |

**COMPLAINT/COUNTERCLAIM**

**I.     PARTIES**

1.     Plaintiff/Counterclaimant, Shepherd's Hill Proponents, LLC ("SHP"), is a single member, New Hampshire limited liability company, in good standing, having a principal address of 603 Mammoth Road, Londonderry, New Hampshire 03053.  The sole member of SHP is Ernest J. Thibeault, III.

2.     Debtor, Shepherds Hill Development Co., LLC (the "Debtor" or "Debtor-In-Possession"), is a single member, New Hampshire limited liability company, in good standing, having a principal address of 603 Mammoth Road, Londonderry, New Hampshire 03053.  The sole member of Debtor is SHP.

3. Defendant/Counter-Defendant, Shepherds Hill Homeowner's Association, Inc., ("SHHA"), is a New Hampshire corporation, in good standing, having an address of 3 Holland Way, Suite 201, Exeter, New Hampshire. SHHA is acting organization and authorized agent for 274 completed unit owners in the Shepherd Hill Condominium.

## II. JURISDICTION

4. This Court has jurisdiction of this case under the provisions of 28 U.S.C. §§ 1334(b) and 157(a). By virtue of 28 U.S.C. § 157(b)(2)(E), this is a core proceeding.

## III. FACTUAL ALLEGATIONS

5. The Debtor filed this Chapter 11 Petition on April 2, 1999. A competing Chapter 11 Plan, dated July 5, 2000 (the "Plan"), was filed by Caesar Balzotti, Ralph Caruso and Earnest J. Thibeault, III and confirmed on July 21, 2000. The case was closed on January 7, 2004.

6. On April 16, 2013, the Association filed a Verified Complaint (the "Complaint") (Exhibit A) with HCSC in the case *Shepherds Hill Home Owners Association, Inc. Shepherds Hill Development Co., LLC*, Case No. 226-2013-CV-00241 (the "State Court Case"). The Complaint asked HCSC to declare that as of February 26, 2013: (a) Debtor's right, title and interest in the Condominium expired; (b) all portions of the Condominium land with improvements not containing complete units became "common area" owned by existing unit owners; and (c) Debtor no longer had right to access to the Condominium's common areas or convertible land for purposes of construction/development. Additional relief requested was expungement of a 24th amendment to the Declaration of Condominium filed by Debtor with the Hillsborough County Registry; and an injunction barring the Debtor from: (a) access to the common area/convertible land of the Condominium to complete construction of units or to convert so called "land only units" to additional units; (b) recording any document with the Registry to preserve alleged convertible land rights; and (c) creating, conveying, encumbering or

selling any units or "land only units" or convertible land rights that did not include completed units.

7. On November 21 2013, the Association filed a Summary Judgment Motion which HCSC granted by March 19, 2014 order. Debtor filed a May 8, 2014 Notice of Appeal with the New Hampshire Supreme Court which affirmed the HCSC's final judgment by April 2, 2015 decision.

8. To fund development and construction of the Condominium, Debtor obtained a development loan and executed an October 7, 1997 promissory note in the amount of $2,650,000.00 payable to Leonard A. Vigeant (the "Vigeant Note").

9. The Vigeant Note was secured by a mortgage of even date recorded against the Property (the "Mortgage").

10. On July 28, 2000, Mr. Vigeant assigned the Mortgage and Vigeant Note to 22 Kimball Hill Road, LLC. Ernest J. Thibeault, III was the sole member of 22 Kimball Hill Road, LLC.

11. To facilitate funding of the Plan, Mr. Thibeault, by April 30, 2004 Agreement, transferred his membership interest in 22 Kimball Hill Road, LLC to the Debtor, whose sole member at that time was SHP (SHP was formed on July 18, 2000, with its founding members being Ralph Caruso and Mr. Thibeault).

12. In 2010, Mr. Caruso withdrew as a member of SHP leaving Mr. Thibeault as the sole member). SHP is the current holder of the Note and Mortgage.

13. Between 2001 and 2014, Debtor completed 274 of the units at the Shepherds Hill Condominium. As required by the Plan, upon the sale of each of these units, $20,000.00 was paid into the Plan by the Debtor.

14. Each new owner of a completed unit received a Partial Discharge & Release of Mortgage (Allowed Secured Claim) and Attachment ("Partial Release"), from 22 Kimball Hill Road, LLC (SHP's assignor)

15. The Partial Releases given by 22 Kimball Hill Road, LLC provided for the partial discharge and release of each specified condominium unit "and the common area appurtenant thereto". The clear intent of the Partial Release was to discharge the Mortgage only as to the buyer's unit and the proportionate share of common area owned by the buyer based on the Declaration of Condominium of Shepherds Hill ("Declaration"), and As-Built Site Plan Tax Map 25/Lot 214 Shepherds Hill Condominium 22 Kimball Hill Road & NH Route 111 Hudson, New Hampshire dated September 11, 2008, latest revision date November 26, 2003 recorded with the Registry as plan nos. 32827 and 32693 (the "As-Built Plans").

16. Thus, the unit owner, based on the Declaration and Plan would ultimately be the owner of $1/400^{th}$ of the common area released and discharged by the Partial Release.

17. As of 2014 there were 126 "land-only-units".

18. Debtor expended an estimated sum of $11,000.00 per "land-only-units" for infrastructure: sewer, water, drainage, blasting and road preparation (excluding paving). Debtor expended $4,603.00 per "land-only-units" broken down as $238.00/unit - Architectural Services, $2,778.00/unit - Construction Period Interest, and $1,587.00/unit – Real Estate Taxes. Based on these figures, Debtor estimates unreimbursed material and labor supplied to the 126 "land-only-units" to be $1,965.870.00.

19. As of June 2021, a balance of $792,983.26 remained due on the Note secured by the Mortgage on the remaining 126 "land-only-units" and appurtenant common area (approximately 126/400 or 32% of unimproved land in the Shepherds Hill Condominium).

20. As of this date, SHP, holder of the Note and Mortgage, is entitled to enforce the Mortgage and therefore able to bring action to collect the Note. See NH RSA 508:6; see also, *Phinney v. Levine*, 116 N.H. 379, 380 (1976).

21. The HCSC March 19, 2014 grant of summary judgment, affirmed by April 2, 2015 New Hampshire Supreme Court decision, vested title to the 126 "land-only-units" and appurtenant common area to the 274 completed unit owners.

22. Based on the HCSC order vesting title to the 126 land-only-units and appurtenant common area to SHHA (and the 274 completed unit owners it represents), the due on sale clause in the Mortgage was invoked entitled SHP to exercise its rights of foreclosure. Moreover, the Note is in default also entitling SHP to exercise its rights of foreclosure.

23. This Court granted the Association's motion to reopen this case on March 15, 2021, and the Association file its April 16, 2021 Motion to Determine (the "Motion"). The Motion requests that this Court enter an order: a) determining that the Plan Obligations have been satisfied and that any sale of a condominium unit by an entity other than the Reorganized Debtor shall not be encumbered by the Plan Obligations, b) determining that the Association is not bound by the terms of the Plan, Confirmation order or NPA and may sell its development rights or other interests free and clear of any Plan Obligations, c) authorizing the recording of a document terminating the NPA with the registry of deeds, d) administratively closing this bankruptcy case and e) for such other and further relief as may be necessary.

24. Neither the Debtor or SHP have acted inequitably in their dealings with SHHA (and the 274 competed unit owners it represents).

## IV.     CLAIMS/COUNTERCLAIMS

### COUNT I – JUDICIAL FORECLOSURE

25.     SHP restates and incorporates herein by reference the allegations set forth in Paragraphs 1 through 24 of this Complaint/Counterclaim.

26.     The Partial Releases given by SHP (through its assignor 22 Kimball Road, LLC) to the 274 completed unit owners, discharged the mortgage as to their individually owned real property and their share 1/400th interest in appurtenant common area.

27.     SHP's Mortgage still encumbers 126/400ths or 32% of the common area in Shepherds Hill Condominium (the 126 land-only-units and appurtenant common area).

28.     Upon affirmance by the New Hampshire Supreme Court of the HCSC's grant of summary judgment, title to the 126 land-only-units and appurtenant common area (deemed by HCSC to be "common area") vested in the 274 completed unit owners.  This event triggered the due on sale clause in SHP's Mortgage invoking and entitling SHP to exercise its foreclosure powers of enumerated in the Mortgage.

29.     To date, SHP has not sought to enforce its foreclosure powers contained in the Mortgage as this would have frustrated any possibility of consummating the provisions of the Plan.  However, SHHA's Motion for Determination has now requested that this Court enter an order "determining that the [SHHA] is not bound by the terms of the Plan, Confirmation order or NPA and may sell its development rights or other interests free and clear of any Plan Obligations."  Based on the relief requested by SHHA, SHP has no alternative but to enforce the foreclosure provisions of the Mortgage.

30.     No applicable statute of limitations has run that would bar SHP from foreclosing the Mortgage.

31.     In light of the circumstances, it is unclear whether SHP can exercise statutory foreclosure powers and therefore, in the alternative, can and is entitled to have this Court authorize judicial foreclosure.

32.     Based on the foregoing, SHP is entitled to the remedy of judicial foreclosure of its Mortgage.

## COUNT II – UNJUST ENRICHMENT

33.     SHP restates and incorporates herein by reference the allegations set forth in Paragraphs 1 through 32 of this Complaint/Counterclaim.

34.     Debtor estimates it has supplied $11,000.00/per unit of materials and labor for infrastructure: sewer, water, drainage, blasting and road preparation (excluding paving) attributable to the 126 land-only-units and appurtenant common area.  Debtor has also advanced moneys attributable to the 126 land-only-units and appurtenant common area for Architectural Services, Construction Period Interest, and Real Estate Taxes.   Upon information and belief, the fair market value of these materials, labor and moneys advanced totals in excess of $1.9 million.

35.     SHHA has requested that this Court determine, with respect to the entire Shepherd Hill Condominium, that SHHA "may sell its development rights or other interests free and clear of any Plan Obligations".  This request shows SHHA's intent to retain the $1.9 in value Debtor has added to the Shepherd Hill Condominium without reimbursement, remuneration or return to creditors in accordance with the Plan.

36.     If SHHA obtains this relief, it will unjustly receive a "windfall" of over $1.9 million.   Such a result would be inequitable.

37.     Neither SHP nor the creditors in this case have acted inequitably towards SHHA or the 274 completed unit owners it represents.

38. Based on the foregoing, SHP will be unjustly enriched if it is permitted to develop, complete and sell the 126 land-only-units without disgorging the $1.9 million in value added to those units by the Debtor. SHP and the creditors in this case are therefore entitled to disgorgement of the $1.9 million dollars in value added to the 126 land-only-units and appurtenant common area.

### COUNT III – IMPOSITION OF CONSTRUCTIVE TRUST

39. SHP restates and incorporates herein by reference the allegations set forth in Paragraphs 1 through 38 of this Complaint/Counterclaim.

40. Since Debtor originally and exclusively held the development rights to the Shepherds Hill Condominium, and SHHA has no such rights, it is unlikely that SHHA will complete the development, construction and sale of the remaining 126 land-only-units in the reasonably foreseeable future.

41. Thus, the only way to ensure that SHP and/or creditors can recover the $1.9 million in value and to otherwise protect their pecuniary interest in the Shepherds Hill Condominium, is to impose and record a constructive trust thereon with a formula to release proportionate funds to SHP and the creditors.

42. Based on the relief requested and facts alleged in this Complaint/Counterclaim, imposition of a constructive trust on the Shepherds Hill Condominium common area is warranted.

### V. REQUESTED RELIEF

A. With respect to Count I of the Complaint/Counterclaim, SHP prays for relief in the form an order authorizing it to foreclose its Mortgage on the Shepherds Hill Condominium in

accordance with New Hampshire law to obtain foreclosure title to the common area not subject to Partial Release executed in favor of the 274 completed unit owners;

  B. With respect to Count II, SHP prays for on its own behalf and on behalf of the creditors of this bankruptcy estate, that the Court award unjust enrichment damages not in its favor and against SHHA (and the 274 completed unit owners it represents), in an amount no less than $1,900,000.00; and

  C. With respect to Count III, SHP prays for imposition of a constructive trust on the Shepherds Hill Condominium common area, with a formula for release proportionate fund to SHP and the creditors and partial discharge of the constructive trust upon the completion and sale of each of the 126 land-only-units.

            Respectfully Submitted,
            SHEPHERD'S HILL PROPONENTS, LLC
            By Its Attorneys,
            SCOTT & SCOTT, P.A.

Date: 08/03/2021        By: /s/ Michael J. Scott
             Michael J. Scott
             P.O. Box 1055
             Londonderry, NH 03053
             (603) 434-3426 P
             (603) 437-0022 F
             mscott@scottandscottpa.com
             NHB No. 01429