UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:

Shepherds Hill Development Co., LLC,

Debtor

Chapter 11
Bankr. Case No. 99-11087-MAF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FORMER CHAPTER 11 TRUSTEE AND DISBURSING AGENT'S RESPONSE TO SHEPHERDS HILL PROPONENTS LLC'S MEMORANDUM [D.E. 437]**

*NOW COMES* Edmond J. Ford, former Chapter 11 Trustee and disbursing agent (the "Disbursing Agent") regarding the above-captioned matter by his attorneys Ford, McDonald, McPartlin & Borden, P.A., and submits his Response to Shepherds Hill Proponents, LLC's Memorandum of Points and Authorities [D.E. 437] (the "Memo"), and says as follows:

**INTRODUCTION**

The Memo conflates two unrelated arguments and addresses preclusion as to only one of two State Court proceedings. The two state court proceedings decided both that the "development rights"[1] of the Reorganized Debtor in the real estate had expired, and that any claim against the Association either as successor in interest to the development rights or by virtue of the acquisition of the common area subject to improvements had also expired. The two state court proceedings resolve all the issues in which the bankruptcy court (or the disbursing agent) might be interested.

---

[1] By which we mean the right to convert common area into units.

1

The second unrelated (but equally flawed) argument is that the partial releases of the Vigeant Mortgage[2] issued by 22 Kimball Hill Road, LLC only contemplated the release of a $1/400^{th}$ interest in the common area and not a $1/274^{th}$ interest in the common area and so the Vigeant Mortgage must remain in force as to $126/400^{ths}$ of the common area.  As a matter of non-bankruptcy law that is wrong, but, it is also a dispute between non-debtors 22 Kimball Hill Road, LLC and 274 unit owners and their mortgagees, it is not a matter for this bankruptcy court (nor for the disbursing agent).

**FACTS**

In February 2013, the rights of Shepherds Hill Development Co., LLC (the "Reorganized Debtor") to convert convertible land in the Shepherds Hill Condominium (the "Condominium") expired.  The Condominium consisted of 276 units and common area some of which common area had been the anticipated location of an additional 126 units.  The locations of the anticipated, but never constructed, 126 units were benefitted by improvements constructed by the Reorganized Debtor.  To date the 126 units have not been constructed.

On April 6, 2013, Shepherds Hill Homeowner's Association (the "Association") sued the Reorganized Debtor for a judgment declaring the Reorganized Debtor's development rights expired and for other relief. (the "First State Court Action"). The Reorganized Debtor defended. The Court ruled:

> After reviewing the parties' briefs, the Act, and the Declaration, the Court finds that the Twenty-Fourth Amendment is an invalid and improper use of the convertible land. As such, the Court GRANTS the plaintiff's motion for summary judgment and DECLARES the following relief:
> a. Any and all right, title, and interest of [the Reorganized Debtor] under the Declaration of Condominium for Shepherds

---

[2] The Vigeant Mortgage is the Mortgage recorded in the Hillsborough County Registry of Deeds at Book 5860, Page 1801 on October 7, 1997, securing the purchase money note from Shepherd's Hill Development, LLC, (the Debtor) to Leonard Vigeant, in the original principal amount of $2,650,000.00, a copy of which is in the docket at D.E. 425-1.

        Hill, including under the Convertible Land Rights provisions thereof, expired on February 26, 2013.

b. The Land, in its entirety, together with any improvements constructed thereon and not created as lawful individual units prior to February 26, 2013, is common area of the Condominium, owned by the unit owners of the Condominium as tenants in common, subject to control of SHHA and free of any development/convertible Land Rights reserved to [the Reorganized Debtor].

c. The Twenty Fourth Amendment to the Declaration recorded by [the Reorganized Debtor] at the Hillsborough County Registry of Deeds violates the express purpose and intent of the Declaration and the New Hampshire Condominium Act. It is void and unenforceable and is ordered to be expunged from the Registry of Deeds.

d. The Reorganized Debtor is enjoined from attempting to convert any of the land or so-called land only units to additional units and/or limited common areas of the Condominium or recording with the Registry of Deeds and documents to that effect or that otherwise pertain to any alleged Convertible Land Rights of the Declarant under the Declaration.

e. [The Reorganized Debtor] is enjoined from creating, conveying, mortgaging, selling, transferring or encumbering any condominium units or Land Only Units or Convertible Land Rights not lawfully converted to Units of the Condominium prior to February 26, 2013.

    So ordered.

Date: March 18, 2014

Shepherds Hill Homeowner's Association v. Shepherds Hill Development, LLC, 226-2013-cv-241, *Order on Plaintiff's Motion for Summary Judgment,* pp. 9-10. [ECF D.E. 437-5]. The New Hampshire Supreme Court affirmed. *Shepherds Hill Homeowners Ass'n, Inc. v. Shepherds Hill Dev. Co., LLC,* No. 2014-0306, 2015 WL 11071128 (N.H. Apr. 2, 2015).

    Claiming an entitlement to be paid, Balzotti Global Group (sometimes "Balzotti") began the second state court action and sued the Reorganized Debtor (the "Second State Court

Action"). The Reorganized Debtor responded and the Homeowner's Association intervened. The trial court dismissed the claims of Balzotti Global Group against the Reorganized Debtor and also dismissed the claims of Balzotti Group and Reorganized Debtor against the Homeowner's Association. *Balzotti Global Group, LLC v. Shepherds Hill Development Co., LLC*, No. 218-2018-CV-00117, 2018 WL 9440707 (N.H.Super. Oct. 31, 2018).

On a motion to reconsider the Court reaffirmed its conclusion stating:

> Plaintiffs [the Reorganized Debtor and Balzotti] argue that its claims against the Association have a different statute of limitations period and are not barred by the statute of limitations. The Court disagrees. Assuming, arguendo, that a viable claim may be made against the Association as a successor-in-interest to the development rights, any such claim would have necessarily accrued at the time the development rights were transferred to the Association pursuant to the terms of the statute, the declaration, and Judge Colburn's order. Accordingly, the Court declines to reconsider its ruling on this issue.

*Balzotti Global Group, LLC v. Shepherds Hill Development Co., LLC*, No. 218-2018-CV-00117, 2019 WL 4015618, at *2 (N.H.Super. Jan. 29, 2019).  The trial court ruled that whatever "claim may be made against the Association as a successor-in-interest to the development rights" are barred by the statute of limitations.  *Id.*   The Balzotti Global Group and the Reorganized Debtor were parties to a State Court decision that concluded there is no claim against the Association from the development rights.  Balzotti and the Reorganized Debtor appealed.

The New Hampshire Supreme Court affirmed.

> The plaintiffs argue that their equitable claims against the Association are not time-barred. They assert that the Association is the successor to the Development Company's obligations to pay the Note pursuant to the bankruptcy plan and contend that the statute of limitations has not yet run on their claims against the Association "because it is unclear whether the Association will or will not comply with the terms of [that plan]." However, as the Association correctly observes, the plaintiffs fail to explain how the Association could possibly become the successor to the Development Company's obligations to pay the Note under the bankruptcy plan. Under these circumstances, we consider the plaintiffs' argument insufficiently developed for our review.

4

*Balzotti Glob. Grp., LLC v. Shepherds Hill Proponents, LLC*, 173 N.H. 314, 323–24, 239 A.3d 1009, 1018 (2020).

### ISSUE

1. May the Reorganized Debtor, its Member, Shepherds Hill Proponents, LLC or Balzotti re-litigate the First State Court determination that "[t]he Land, in its entirety, together with any improvements constructed thereon and not created as lawful individual units prior to February 26, 2013, is common area of the Condominium, owned by the unit owners of the Condominium as tenants in common, subject to control of [the Association] and free of any development/convertible Land Rights reserved to [the Reorganized Debtor]"?

2. May the Reorganized Debtor, its Member, Shepherds Hill Proponents, LLC or Balzotti re-litigate the Second State Court determination that claims "against the Association as a successor-in-interest to the development rights" are barred?

3. Are the claims of Shepherds Hill Proponents, LLC, under the mortgage barred by claim preclusion?

    a. As a matter of State Law, did such claims ever exist?

    b. As a matter of bankruptcy law, are such claims properly before this bankruptcy court?

### SUMMARY ANSWERS:

1. No. All claims that the "land only units" were created or that the convertible land is other than common area are barred by the First State Court Action.

2. No. All claims against the Homeowners Association for money damages from or related to the termination or transfer of the development rights are barred by the Second State Court Action.

3. Maybe, but it is not for this Court. If the parties are the same, the claims are barred, but it is not clear that the parties are the same.

    a. No. The claim that the mortgage remains in force against some common area fails as a matter of state law.

    b. No. The claim that the mortgage held by a non-debtor remains encumbering property of third parties is not within the "related to" jurisdiction of this court.

5

**ANALYSIS**

**A.** *A Brief Summary of Claim Preclusion:*

> i. *The rule of res judicata: same parties, same cause (meaning factual transaction), and final judgment.*

Because these are two New Hampshire State Court judgments New Hampshire law applies:

> a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984).

The New Hampshire rule of *res judicata* or claim preclusion is:

> The doctrine of res judicata prevents parties from relitigating matters actually litigated and matters that could have been litigated in the first action…. The doctrine applies if three elements are met: (1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits

*Gray v. Kelly*, 161 N.H. 160, 164, 13 A.3d 848, 851–52 (2010) (citations and quotations omitted).  The New Hampshire rule bars both claims that were actually made and claims that could have been made in the first action: is it the same "cause of action?"  A "cause of action" is the right to recover regardless of theory:

> we have defined the term "cause of action" as "the right to recover, regardless of the theory of recovery." … It "refers to all theories on which relief could be claimed on the basis of the factual transaction in question."

*Id. Gray*, 161 N.H. at 165 (Citation omitted).

In summary, a claim is barred in a second action by the doctrine of *res judicata* if: (1) the parties are the same or privy as in the first action; (2) the second is the same cause, meaning, the

6

second is a claim for relief arising out of the factual transaction; and (3) the first action ended in a final judgment on the merits.

> ii. *The rule applied to the First State Court Action: claims by the Reorganized Debtor, and Shepherds Hill Proponents that any portion of the common area are available to be converted or are "land only units" are barred.*

Addressing the three elements of preclusion: the parties in the First State Court cause of action were the Reorganized Debtor and the Homeowner's Association. The Reorganized Debtor and its sole member Shepherds Hill Proponents, LLC are in privity because the sole member controls the Reorganized Debtor. RESTATEMENT (SECOND) OF JUDGMENTS § 39 (1982) ("A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party."). The parties in the first and second actions are the same.

The cause of action is the same: a declaration of the effect of the failure to timely convert convertible land to units.

The First State Court Action ended in final judgment.

The three elements of claim preclusion are met and neither the Reorganized Debtor, nor its member may challenge the termination of the Debtor's development rights.

> iii. *The rule applied to the Second State Court Cause of Action: claims by the Reorganized Debtor, Shepherds Hill Proponents or Balzotti that the Homeowner's Association has any obligations under the Plan or for unjust enrichment as successor to the development rights are barred.*

Addressing the three elements of claim preclusion: the parties are the same. The Balzotti Global Group sued the Debtor, the Homeowner's Association intervened. Balzotti, the Reorganized Debtor, Shepherds Hill Proponents, LLC, and the Homeowner's Association are parties to both the Second State Court action and the instant action. The parties in the first and second actions are the same.

7

The cause of action is the same.  The Reorganized Debtor, Balzotti and Shepherds Hill Proponents, LLC, seek payment of damages arising from the termination of the Debtor's development rights (the relevant transaction) and the claimed enrichment of the Homeowner's Association.

The prior action (the Second State Court Action) ended in a final judgment.

The three elements of claim preclusion are met and neither the Reorganized Debtor, Balzotti, nor the Shepherds Hill Proponents, LLC, may now seek money from the Association from the termination, or any transfer, of the development rights.

      iv.  *The rule applied to the Second State Court Cause of Action: claims by the Reorganized Debtor, Shepherds Hill Proponents on the Vigeant Note may be barred.*

Addressing the three elements of preclusion:  as proposed [DE 437-15] the parties are the same except that the Homeowner's Association is sued as agent.  [DE 437-15].  If that is the correct way to bring the action, then the requirement of the same parties may be met. *See, generally,* RESTATEMENT (SECOND) OF JUDGMENTS § 37 (1982) (dealing with nominal parties).

The cause of action is the same.  The Reorganized Debtor and Shepherds Hill Proponents, LLC, seek payment of damages arising from the termination of the Debtor's development rights (the relevant factual transaction).

The prior action (the Second State Court Action) ended in a final judgment.

If the proposed complaint is correctly brought, and if the correct defendant is the Homeowner's Association then *res judicata* may bar the claim.

      1.  <u>As a matter of state law the purported claims based on the Vigeant Mortgage do not exist.</u>

The purported claim is that each Vigeant Mortgage partial release released only a $1/400^{th}$ of the common area not $1/274^{th}$. Therefore, there has been released only $274/400^{ths}$ of the common area. Therefore, the mortgage survives against $126/400^{ths}$ 31.5%) of the common area.

The 31.5% clam fails because the partial releases say the holder of the mortgage "hereby partially discharges and releases its Allowed Secured Claim …on the following described Condominium Unit(s) and **the common area appurtenant thereto…"** [DE 437-12] (emphasis added). The discharges are not limited to a portion of the appurtenant common area; the discharge is of all the common area appurtenant to the unit. Each unit released held at the time either a $1/274^{th}$ or a greater (initially $1/100^{th}$) interest in the common area. $274/274^{ths}$ of the common area has been released and so the entirety of the common area is free of the Vigeant Mortgage.

The condominium statute prohibits any other result. The condominium statute bars encumbrance of common area separate from units:

> VI. Except to the extent otherwise expressly provided by this chapter, the amount of undivided interest in the common areas allocated to any unit shall not be altered, and any purported transfer, encumbrance or other disposition of that interest without the unit to which it appertains shall be void.

N.H. REV. STAT. ANN. § 356-B:17. Even if each partial release had attempted to retain a 0.115% interest in the common area,[3] such a retention of an interest in the common area is "void."

There is no sensible claim that the Vigeant Mortgage remains undischarged.

---

[3] The math is the following:
  $1/274 = 0.00365$;
  $1/400 = 0.0025$;
  $1/274 - 1/400 = 0.00365 - 0.0025$
  $0.00365 - 0.0025 = 0.00115$
  $0.00115 = 0.115\%$

9

> 2. <u>As a matter of bankruptcy law, disputes between the holder of the Vigeant Mortgage and the recipients of its partial releases are for other courts.</u>

22 Kimball Hill Road, LLC gave partial releases of the Vigeant Mortgage to 274 purchasers of units. They and their mortgagees and subsequent purchasers understood those releases to release the unit and its appurtenant common area from the lien of the Vigeant Mortgage.

The claim brought here is that those units, in the hands of non-debtors, remain encumbered by a lien to a non-debtor. The claim by Shepherds Hill Proponents, LLC, does not fall within the jurisdictional grant of 28 U.S.C.A. § 1334 (b) (West) ("the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."). The claim is not a claim arising under title 11. It is not a claim that arises in a Title 11 proceeding.

It is not a claim that is related to a Title 11 proceeding because the "related to" jurisdiction is limited post confirmation:

> Post-confirmation "related to" jurisdiction is therefore appropriate "only to ensure that reorganization plans are implemented and to protect estate assets devoted to implement the confirmed plan." …. Once assets have left the estate, the court's jurisdiction to decide disputes involving them lapses.…

*In re Federalpha Steel LLC*, 341 B.R. 872, 880 (Bankr. N.D. Ill. 2006) (citations omitted); *cf*, In *re Am. Home Mortg. Holding*, 477 B.R. 517, 529 (Bankr. D. Del. 2012) ("if it is impossible for a collateral dispute between third-parties to directly impact the estate, the bankruptcy court will lack 'related to' jurisdiction"); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."). The dispute between the mortgage holder

and the unit owners about who owns how much of the common area does not protect estate assets, does not alter the Debtor's rights and is not within this court's "related to" post confirmation jurisdiction.

### **CONCLUSION**

All the disputes of interest to the Reorganized Debtor relating to the common area have been resolved in state court against it on the merits by final judgments. There is nothing further to be adjudicated in this Court.

The dispute (if any exists) between the holder of the Vigeant Mortgage and unit owners is for a different court.

*WHEREFORE,* the Disbursing Agent respectfully requests that this Honorable Court order and decree as follows:

A.  That the Court not allow the proposed Complaint [DE 437-15]; and

B.  That the Court grant such other and further relief as may be just.

>Respectfully submitted,
>EDMOND J. FORD
>DISBURSING AGENT AND
>FORMER CHAPTER 11 TRUSTEE,
>
>By his attorneys,
>FORD, MCDONALD, MCPARTLIN &
>BORDEN, P.A.

Dated:  August 11, 2021    By:  */s/ Edmond J. Ford*
>Edmond J. Ford (BNH 01217)
>10 Pleasant Street, Suite 400
>Portsmouth NH 03801
>Telephone:  603-373-1737 Direct
>Telephone:  603-373-1600 Office
>eford@fordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2021, I filed the foregoing via the Court's CM/ECF electronic filing system ("CM/ECF") which sent notice to all parties receiving notification through CM/ECF.

Dated: August 11, 2021

*/s/ Edmond J. Ford*
Edmond J. Ford (BNH 01217)
FORD, MCDONALD, MCPARTLIN & BORDEN, P.A.
10 Pleasant Street, Suite 400
Portsmouth NH 03801
Telephone: 603-373-1737 Direct
Telephone: 603-373-1600 Office
eford@fordlaw.com

g:\ed\trustee\99-11087\pleadings\2021 motion to reopen\response to preclusion memo.docx