UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re

SHEPHERDS HILL DEVELOPMENT
CO., LLC,

Debtor

Chapter 11

Case No. 99-11087-MAF

### SHEPHERDS HILL HOMEOWNERS ASSOCIATION, INC.'S RESPONSE TO SHEPHERD HILL PROPONENTS, LLC'S MEMORANDUM

Shepherds Hill Homeowners Association, Inc. (the "Association") submits the following response to Shepherd Hill Proponents, LLC's ("SHP") memorandum in support of its position that it is entitled to bring claims in this proceeding against the Association.

### INTRODUCTION

For the reasons stated in the Former Chapter 11 Trustee And Disbursing Agent's Response to Shepherds Hill Proponents LLC's Memorandum, neither the Reorganized Debtor, its Member, Shepherds Hill Proponents, LLC ("SHP"), nor Balzotti have the right to re-litigate the two state court determinations in which that court ruled: (1) the Shepherds Hill Condominium (the "Condominium") common area that was not converted to units as of February 26, 2013, is owned by the Condominium unit owners as tenants in common and free from any development rights reserved to the Reorganized Debtor, which expired in 2013; and (2) claims against the Association as successor-in-interest to the Condominium development rights are barred.  The Association also concurs with Former Trustees' position that even if SHP had a

1

claim against the Association under a mortgage, which it does not, such claim is not within this court's jurisdiction.

This response provides the following additional points of fact and law demonstrating why SHP should not be allowed to proceed with any claims in this proceeding against the Association.

<u>ARGUMENT</u>

## I.    "LAND-ONLY-UNITS" ARE PROHIBITED UNDER NEW HAMPSHIRE LAW.

SHP claims it has a mortgage security interest on 126 "land-only-units."  Under SHP's theory, the Reorganized Debtor built and sold 274 out of a possible maximum of 400 units at the Condominium, leaving126 "land-only-units."  As a matter of law, there is no such thing as a "land-only-unit."

SHP fails to mention that the Reorganized Debtor first tried to advance the "land-only-unit" theory in the first action (*Shepherds Hill I*), brought by the Association to establish that the Reorganized Debtor's development rights had expired.  The Reorganized Debtor claimed it created "land-only-units" and therefore had a right to build and sell them, despite the expiration of the New Hampshire Condominium Act's ten-year deadline for the declarant's creation of new units. The trial court expressly ruled, and the New Hampshire Supreme Court expressly affirmed, that "land-only-units" do not exist because such units would violate the New Hampshire Condominium Act.  As the Court explained, the "land-only-units" that the Reorganized Debtor claimed it had created: (1) are not units as defined in the Condominium Act; (2) "violated the express wording as well as the spirit of RSA 356-B:23, III (2009), which states that a developer has no more than ten years" to construct new units; (3) violated the Condominium Act's purposes "to protect buyers and establish reasonable expectations among parties"; and (4)

2

"violated both the plain wording and spirit of the condominium declaration." *Shepherds Hill I*, 2015 WL 11071128, *1 (NH S.Ct. 2015).

SHP cannot have a mortgage interest on something that, as a matter of law, does not exist, and SHP should not be allowed to advance its claim in this proceeding.

## II.    THE PARTIAL RELEASE PROVIDED TO THE CONDOMINIUM UNIT OWNERS RELEASED THE ENTIRE COMMON AREA.

SHP cannot, as a matter of law, have a mortgage interest on the Condominium common area, because any such interest – if it had existed – was released.  Pursuant to the Condominium Act and the Condominium Declaration, one-hundred percent (100%) of the fee in the common area is owned by the Condominium unit owners in equal and undivided share.  RSA 356-B:17, I–II; Condo. Decl. at 4.[1]

The Partial Release provided to unit owners gave a discharge and release of the unit "and the common area appurtenant thereto."  The common area "appurtenant thereto" for each unit is one-hundred percent (100%) of the common area, in equal undivided share.  There are 274 units that exist in the Condominium, and for the reasons state above, there are no "land-only-units." Each unit owner has an undivided $1/274^{th}$ interest in the entire common area, and there is no common area land left over that could serve as security for SHP's mortgage.  *See*, *e.g.*, *Trustees of the Beechwood Village Condo. Trust v. USAlliance Fed. Cred. Union*, 95 Mass. App. Ct.  278, 288 (2019) (condominium developer's lender had no mortgage security interest in condominium common area even though it provided a partial release to unit owners, because unit owners

---

[1] The Condominium originally contained 100 units, and therefore the Declaration states that the initial unit owners owned $1/100^{th}$ of the common area.  Condo. Decl. at 4.  Pursuant to the Declaration, the owners' percentage interest in the common area is "diminished" with the creation of each new unit thereafter "in proportion to units added" (*id.*), and at all times the unit owners own an equal undivided share of 100% of the common area.

owned 100% of common area in equal undivided share).  The Partial Release provided by the Debtor was, in fact, a full release of the entire mortgage interest in the common area.  *Id.*  To the extent that SHP had a mortgage interest in the Reorganized Debtor's development rights, that interest expired along with the Reorganized Debtor's development rights in 2013, ten years after the Condominium was created.  *Shepherds Hill I*, 2015 WL 11071128 (N.H. Sup. Ct. 2015).  *See Beechwood*, 95 Mass. App. Ct. at 289-90 (lender's mortgage security interest remained only as to declarant's development rights that had not expired).

<u>CONCLUSION</u>

For the foregoing reasons, and the reasons stated in the response memorandum of the Former Trustee, the Association respectfully requests that this Honorable Court order that:

A.      SHP is not permitted to pursue its proposed Complaint in this proceeding; and

B.      Grant such other relief as is just and proper

Respectfully submitted,

Dated: August 17, 2021

SHEPHERDS HILL HOMEOWNERS ASSOCIATION, INC.,
By its counsel,

/s/ Jesse I. Redlener
Jesse I. Redlener (BBO #646851)
ASCENDANT LAW GROUP LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
Phone: (978) 409-2038
Fax:    (978) 274-7877
jr@ascendantlawgroup.com

and

4

/s/ Thomas W. Aylesworth
Thomas W. Aylesworth (NH Bar #12065)
MARCUS, ERRICO, EMMER
& BROOKS, P.C.
45 Braintree Hill Park, Suite 107
Braintree, MA 02184
(781) 843-5000
taylesworth@meeb.com

## CERTIFICATE OF SERVICE

I, Jesse I. Redlener, hereby certify that on August 17, 2021, I caused a true copy of the within *Shepherds Hill Homeowners Association, Inc. Response* to be served through the Court's electronic filing system upon:

Edmond J. Ford
FORD, MCDONALD, MCPARTLIN
& BORDEN, P.A.
10 Pleasant Street, Suite 400
Portsmouth, NH 03801

Michael J. Scott
SCOTT & SCOTT, P.A.
P.O. Box 1055
Londonderry, NH 03053-1055
mscott@scottandscottpa.com

D. Ethan Jeffery
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, Massachusetts 02108

*/s/ Jesse I. Redlener*
Jesse I. Redlener

6