UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

*********************************************

In Re:
SHEPHERDS HILL DEVELOPMENT CO., LLC.,     Chapter 11
   Case No. 99-11087-MAF

Debtor

*********************************************

### DISBURSING AGENT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR RELIEF [D.E. 455]

**NOW COMES** Edmond J. Ford, former Chapter 11 Trustee and Disbursing Agent, (the "Disbursing Agent") by and through his attorneys Ford, McDonald, McPartlin & Borden, P.A. and submits this Response to Shepherds Hill Homeowners Association, Inc.'s Supplemental Request for Relief [D.E. 455] and says as follows:

1. In its Supplemental Request for Relief [D.E.455], Shepherds Hill Homeowners Association (the "HOA") asks that this Court determine "A. … that if any Shepherds Hill Condominium units are added to the Condominium and sold, such sales shall not be encumbered by the Plan Obligations."  (the "Prayer A Relief")

2. The Prayer A Relief is not consistent with the Plan or Confirmation Order and expands on the relief originally requested by the HOA.

3. The Disbursing Agent objects to the Prayer A Relief.  The Prayer A Relief would be an order that if the HOA by vote agreed to extend the time within which the convertible land could be converted (*see,* N.H. REV. STAT. ANN. § 356-B:54 V(a)[1]) then sale of the newly created condominium units would trigger no Plan payment no matter by whom sold even if sold by the Reorganized Debtor.  Such relief is inconsistent with the Plan because if the newly created units

---

[1] "…if the existing rights to expand or contract the condominium or to exercise convertible land rights have expired, such an amendment shall also require a 4/5 vote of all unit owners…"

1

are sold by the Reorganized Debtor then the Plan requires payment. *Plan,* §1.4.1 E ("'Distributable Proceeds' means and includes (i) $20,000 from each sale …by the Reorganized Debtor…").

4. The Prayer A Relief does not permit the HOA to sell "Development Rights" but rather highlights the fundamental problems faced by the HOA's proposed hypothetical transaction. The fundamental problem the HOA faces is that it has two paths to create rights to develop the remaining proposed units. The first is with unanimous consent of the existing homeowners and their mortgagees. With unanimous consent they can amend the declaration in any number of ways to shrink the condominium, withdraw the vacant land, create new condominiums or turn the vacant land into units.

5. The second is without unanimous consent and that is through an amendment allegedly[2] authorized by N.H. REV. STAT. ANN. § 356-B:54 V(a) which requires a 4/5's vote of the homeowners. Such an amendment would extend the period to convert convertible land, but it would not change the identity of the entity holding the right to convert. The entity holding the right to convert would remain the Reorganized Debtor.

6. If the period of conversion were extended to some date in the future, then the entity holding that right to convert (and the accompanying construction easements) would be the Reorganized Debtor and unit sales by it would trigger payment under the Plan. The Plan is inconsistent with the HOA's Prayer A Relief.

---

[2] "Allegedly" because it is not apparent that RSA 356-B:54 V (which provides the process for such amendments) overrides the command of RSA 356-B:23 III which prohibits such amendments after ten years and in that prohibition requires following the procedures of RSA 356-B:54 V. The two sections refer to each other and must be read to be meant to be consistent one with the other. Reading the two sections consistently one with the other would require one to conclude that the time to convert finally expires after ten (10) years.

**WHEREFORE,** the Disbursing Agent respectfully requests that this Honorable Court order and decree as follows:

A.  That prayer for relief A of the Shepherds Hill Homeowners Association, Inc.'s Supplemental Request for Relief be denied; and

B.  That it grant such other and further relief as may be just and equitable.

Respectfully submitted,
EDMOND J. FORD
DISBURSING AGENT AND FORMER
CHAPTER 11 TRUSTEE

By his attorneys,
FORD, MCDONALD, MCPARTLIN
& BORDEN, P.A.

Date: October 19, 2021          By:     */s/ Edmond J. Ford*
Edmond J. Ford (#01217)
10 Pleasant St., Ste. 400
Portsmouth NH  03801-4551
eford@fordlaw.com
(603) 373-1737

## CERTIFICATE OF SERVICE

On October 19, 2021, I filed the foregoing document through the CM/ECF system, which will send a notice of electronic filing to the parties of record.

*/s/ Edmond J. Ford*

https://fordmcpartlin.sharepoint.com/shared documents/wpdata/ed/trustee/99-11087/pleadings/2021 motion to reopen/response to supplemental request for relief  de 455.docx

3