UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>Shepherds Hill Development Co., LLC,<br><br>Debtor | Chapter 11<br>Case No. 99-11087-MAF |

### ORDER REGARDING PROPOSED COUNTERCLAIM

On September 27, 2021, the Court conducted a hearing regarding the Proposed Counterclaim filed by Shepherds Hill Proponents, LLC ("SHP") [Dkt. No. 437-15] and the briefs addressing whether that proposed pleading is barred by applicable preclusive principles [Dkt. Nos. 437, 438, & 439].  After considering the parties' arguments, the Court has decided that it will not determine the viability of Count I of the Proposed Counterclaim at this time; instead, the Court will rule on the viability of Count I in conjunction with a decision on the Motion for Determination [Dkt. No. 399] filed by Shepherds Hill Homeowners Association, Inc. (the "Association").  The Court concludes that Counts II and III of the Proposed Counterclaim fail as a matter of law on two fronts.  First, as discussed on the record of the September 27 hearing, Counts II and III are barred by res judicata under New Hampshire law.  Second, even if Counts II and III were not precluded, they would be time-barred.  SHP's claims for unjust enrichment and constructive trust may proceed no further in this Court.

The parties to this contested matter have been litigating amongst themselves and circling the issues raised in the Proposed Counterclaim for years.  "The doctrine of res judicata has developed to avoid repetitive litigation so that, at some point, litigation over a particular matter must come to an end."  Ahmad v. Fed. Nat'l Mortg. Ass'n, No. 2016-0049, 2017 WL 2797382, at *1 (N.H. Apr. 6, 2017).  Res judicata "applies if three elements are met: (1) the parties are the

same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits." Gray v. Kelly, 13 A.3d 848, 851-52 (N.H. 2010). "The doctrine . . . prevents parties from relitigating matters actually litigated and matters that *could have* been litigated in the first action." Id. at 851 (quotation marks omitted). The "essence" of the doctrine "is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in subsequent litigation involving the same cause of action, even though the plaintiff is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action." Larochelle v. Dover Mortg. Co., No. 2014-0447, 2015 WL 11071320, at *1 (N.H. Apr. 6, 2015).

SHP admits that it is in privity with the Debtor, who was the defendant in the 2013 action in New Hampshire state court entitled Shepherds Hill Homeowners Association, Inc. v. Shepherds Hill Development Co, LLC. *See* [Dkt. No. 437-1]. In the 2013 action, the Association sought (among other things) a declaration that the Debtor's condominium development rights had expired. *See* id. That action ended with a final judgment on the merits in the Association's favor. *See* [Dkt. No. 437-5]; *see also* [Dkt. No. 437-7]. At the time of the 2013 action, SHP was the sole member of the Debtor, and it could and should have realized that if the Debtor lost its development rights, the Association might derive benefits from the Debtor's infrastructure improvements to the condominium common area. *See* Maroun v. Deutsche Bank Nat'l Trust Co., 109 A.3d 203, 230-31 (N.H. 2014) ("When determining whether a party had a full and fair opportunity to litigate the claim in the first proceeding, courts consider the party's incentive to litigate."). As such, SHP (or the Debtor) could have raised claims for unjust enrichment and constructive trust in the 2013 action.

SHP's claims for unjust enrichment and constructive trust are also barred by the 2018 action in New Hampshire State court entitled Balzotti Global Group, LLC v. Shepherds Hill Development Company, LLC, and the judgment in that action reported at 2018 WL 9440707 (N.H. Super. Ct. Oct. 31, 2018), as affirmed by the New Hampshire Supreme Court.  See Balzotti Global Grp., LLC v. Shepherds Hill Proponents, LLC, 239 A.3d 1009 (N.H. 2020).  SHP was a party to that action, and the Proposed Counterclaim here is based on the same set of facts raised in that action—i.e., the prospect that the Association might wrongfully profit from the loss of the Debtor's development rights.  In the 2018 action, BGG brought claims against the Association for unjust enrichment and constructive trust—the very same claims that SHP would like to assert against the Association in Counts II and III of its Proposed Counterclaim here.  Because SHP could have brought those claims in the 2018 action and failed to do so, it cannot do so now.

Beyond that, even if SHP's claims for unjust enrichment and constructive trust were not barred by res judicata, they would be time-barred for the same reasons that those very same claims, when raised by BGG in the 2018 action, were deemed time-barred by the New Hampshire courts.

ENTERED at Concord, New Hampshire.

Date: October 19, 2021	/s/ Michael A. Fagone
	Michael A. Fagone
	United States Bankruptcy Judge
	District of New Hampshire
	(sitting by designation)